HEIKKINEN *v.* HOVINEN.

1. JUDGMENT—LACK OF JURISDICTION—RES JUDICATA.

Finding of lack of jurisdiction over a party precludes a court from entering any other findings with respect to said party, and any other findings so made cannot be *res judicata,* such additional findings being a nullity because of the lack of jurisdiction.

2. SAME—CONSENT TO JURISDICTION—ACCELERATED JUDGMENT—RES JUDICATA.

Claim by defendant, granted accelerated judgment for lack of jurisdiction because of improper service, that factual findings made by the trial court in addition to its finding of lack of jurisdiction were *res judicata* with respect to an amended complaint, properly served, on the basis that the court obtained jurisdiction to make such findings by consent or request *held,* without merit, since the trial court's finding of lack of jurisdiction precluded the making of any other findings, and rendered such additional findings a nullity (GCR 1963, 116).

3. SAME—LACK OF JURISDICTION.

It is elemental that, if a court is without jurisdiction, it cannot make further decisions in favor of either party, and dismissal for want of jurisdiction is the sum and substance of the court's power in such instance.

4. SAME—LACK OF JURISDICTION—MISTAKE IN EXERCISE OF JURISDICTION.

There is wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 30A Am Jur, Judgments § 353.
Res judicata effect of judgment dismissing action, or otherwise denying relief, for lack of jurisdiction or venue.  49 ALR2d 1036.
[5, 7] 30A Am Jur, Judgments §§ 353, 880.
[6] 41 Am Jur, Pleading §§ 341, 342.

take in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal.

5. SAME—LACK OF JURISDICTION—RES JUDICATA—COLLATERAL AT-TACK.

A collateral attack as well as a direct attack may be made upon a judgment rendered by a court when there is lack of juris-diction over the parties, or the subject matter, since any action taken therein is void because of its want of jurisdiction.

6. SAME—ACCELERATED JUDGMENT.

An accelerated judgment may not be granted where based upon disputed issues of fact for determination of which a jury has been demanded prior to the hearing of said motion, and the applicable court rule provides that, in such case, the court "shall postpone the hearing if a jury trial has been demanded, pursuant to right, on or before the date of the hearing" (GCR 1963, 116.1[5], 116.3).

7. SAME—ACCELERATED JUDGMENT—LACK OF JURISDICTION—RES JU-DICATA.

Granting of second motion for accelerated judgment, based upon a determination that findings of fact made by the trial court at the grant of defendant's first motion for accelerated judg-ment were *res judicata, held*, error, where such findings of fact were in addition to the court's determination of lack of juris-diction, factual issues were before the court, and a jury trial had been demanded, since the court's finding of lack of juris-diction upon the first motion for accelerated judgment precluded it from making any further factual findings and made such additional factual findings a nullity, and plaintiffs were, under the applicable court rule, entitled to a hearing on the merits (GCR 1963, 116.1[5], 116.3).

Appeal from Baraga; Brennan (Leo J.), J. Sub-mitted Division 3 May 10, 1967, at Marquette. (Doc-ket No. 775.)   Decided August 10, 1967.

Complaint by Reino Y. Heikkinen, Laird H. Heikkinen, Lance Heikkinen, and Colin Heikkinen against Wesley G. Hovinen and Periodical Publish-ers' Service Bureau, Inc., a Delaware corporation, for damages arising from an automobile accident

claimed to have been caused through negligence of Wesley G. Hovinen while in the course of his employment with Periodical Publishers' Service Bureau, Inc. Accelerated judgment on behalf of Periodical Publishers' Service Bureau, Inc. Plaintiffs appeal. Reversed.

*Wisti & Jaaskelainen,* for plaintiffs.

*Norman McLean,* for defendant.

FITZGERALD, P. J. On May 29, 1963, a car owned by plaintiff Reino Y. Heikkinen and driven by plaintiff Laird H. Heikkinen was hit in the rear by a car operated by defendant Hovinen, causing personal injuries to all the plaintiffs.

The plaintiffs' complaint and jury demand, together with later amendments, alleged that defendant Hovinen was an employee of Periodical Publishers and in the course of employment at the time of the accident. Hovinen's answer admitted that he was in the course of employment. Periodical Publishers filed a motion for an accelerated judgment stating that the court lacked jurisdiction over them because of faulty service of process and alleging further that Hovinen was an independent contractor and not an employee. An affidavit to this effect, relative to Hovinen's status, was filed with the motion.

The trial court entered an order making the following specific findings:

"1. The court is without jurisdiction of Periodical Publishers Service Bureau, Inc., because service of process on that corporation is not in compliance with section 1920 of the revised judicature act.[1] Furthermore, this defendant is not a proper party

---

[1] CLS 1961, § 600.1920 (Stat Ann 1962 Rev § 27A.1920).

to the litigation as it was not the owner of the auto-
mobile driven by Wesley G. Hovinen, codefendant.
Section 37 of the Michigan vehicle code[2] defines the
word 'owner' of section 401 of the Michigan vehicle
code.[3]

"2. That said Wesley G. Hovinen was not in the
course of his employment and not an employee of
said corporate defendant when the accident involved
occurred. *Gorman* v. *McCleaf* (1963), 369 Mich 237.

"3. That part of GCR 1963, 116.3, referring to
action by the court reads as follows : 'shall postpone
the hearing if a jury trial has been demanded, pur-
suant to right, on or before the day of hearing.'
This has no application where the issues as here
relate entirely to questions of law."

Following this finding, plaintiffs filed an amended
complaint and demand for jury and properly served
Periodical Publishers. Hovinen neither filed an ap-
pearance nor answered the amended complaint.
Periodical Publishers once again filed a motion for
accelerated judgment alleging the findings of the
order as set forth above and following hearing the
court granted the motion for accelerated judgment
in the following language:

"That the matter involved is *res judicata* because
the court, on August 11, 1964, held that the defend-
ant, Periodical Publishers Service Bureau, Inc., was
not a party to this litigation, was not the owner of
the automobile and defendant, Wesley G. Hovinen,
was not in the course of his employment and not
an employee of said Periodical Publishers Service
Bureau, Inc., when the accident occurred."

From the accelerated judgment against them,
plaintiffs filed claim of appeal.

Plaintiffs go to the heart of the matter by stating
that the original finding of lack of jurisdiction over

---

[2] CLS 1961, § 257.37 (Stat Ann 1960 Rev § 9.1837).
[3] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

Periodical Publishers precluded the court from entering any other findings. They allege that such other findings relating to Hovinen's employment status were nugatory since if the court had no jurisdiction, further decisions were a nullity.

Plaintiffs' position is well taken, and despite defendant Periodical Publishers' contention that the circuit court had jurisdiction by consent and request to decide more than the question of propriety of service, the later holdings are of no force and effect.

If a court is without jurisdiction, it is elemental that it cannot make further decisions in favor of either party. Dismissal for want of jurisdiction is the sum and substance of the court's power in this instance. In *Jackson City Bank & Trust Co.* v. *Fredrick* (1935), 271 Mich 538, the Court stated at page 544:

"There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases.

"When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist."

This pronouncement finds strong support in Michigan case law. See *Fox* v. *Martin* (1938), 287 Mich 147; *Edwards* v. *Meinberg* (1952), 334 Mich 355; *Shane* v. *Hackney* (1954), 341 Mich 91.

The second motion for accelerated judgment was improperly granted since *res judicata* could not con-

ceivably apply to previous findings which were without legal import. It was a factual issue whether Hovinen was an employee of Periodical Publishers or an independent contractor. It is further a fact question as to whether or not he was in the course of his employment at the time of the accident. Demand for jury trial having been seasonably made, the provisions of GCR 1963, 116.3, became applicable as follows:

"As to defenses and objections based upon subrule 116.1(5) the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, *and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing.*" (Emphasis supplied.)

Factual issues were before the court, jury trial had been demanded and plaintiffs were entitled to a hearing on the merits since no previous adjudication was before the court to which the doctrine of *res judicata* could be applied. The matters being disputed, they were not amenable to summary disposition on affidavit.

Reversed as to the second motion for accelerated judgment and as to those portions of the first motion for accelerated judgment going beyond the question of jurisdiction over defendant Periodical Publishers, and remanded for further proceedings.

Costs to appellants.

BURNS and HOLBROOK, JJ., concurred.