KRUEGER v WILLIAMS

1. LIMITATION OF ACTIONS—COMPLAINTS—COMMENCEMENT OF ACTION
—SERVICE OF PROCESS—DISMISSAL—COURT RULES.

An action is commenced for the purpose of the running of a
statute of limitations upon the filing of a complaint; after filing
the complaint, a plaintiff has 180 days to serve the defendant
and if the defendant is not served within 180 days, the clerk of
the court is obliged to dismiss the complaint; this rule, how-
ever, is not self-executing and if a defendant is personally
served before the clerk dismisses the complaint, the action is
viable even if more than 180 days have passed since the
complaint was filed (GCR 1963, 102.5).

2. LIMITATION OF ACTIONS—SERVICE OF PROCESS—PERSONAL SERVICE—
SUBSTITUTED SERVICE—JURISDICTION OVER DEFENDANTS—DIS-
MISSAL.

A defendant must have actual notice of the pendency of an action
before jurisdiction over him is acquired under the nonresident
motorist statute; return of a summons and complaint marked
"moved—left no address" and the mailing of a copy of the
summons and complaint to the defendant's liability insurer,
where there is no statutory procedure for such substituted
service, does not constitute sufficient service (MCLA 257.403;
MSA 9.2103).

3. LIMITATION OF ACTIONS—SERVICE OF PROCESS—COURT DISCRETION—
REQUIREMENTS OF PRIOR COURT ORDERS—COURT RULES.

Technical defects in service of process may be cured by amend-
ment so as not to render the service void; however, a court rule
which gives a trial court in which an action has been com-
menced discretion to allow service to be made in some manner
other than that specified by court rule must be strictly com-

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 51 Am Jur 2d, Limitation of Actions § 206 et seq.

Tolling of statute of limitations where process is not served before
expiration of limitation period, as affected by statutes defining
commencement of action, or expressly relating to interruption of
running of limitations. 27 ALR2d 236.

plied with, and requires a court order allowing such service in some other manner in order for the service to be valid (GCR 1963, 105.8).

4. LIMITATION OF ACTIONS—SERVICE OF PROCESS—PLEADING AS BAR TO DISMISSAL—EXCEPTIONS—JURISDICTIONAL DEFECTS—WAIVER.

Generally, a complaint will not be dismissed for violation of the rule requiring service of process within 180 days where the defendant has filed any pleading in the action; however, a defendant who files a special appearance and motion for accelerated judgment for the sole purpose of claiming a jurisdictional defect because of a lack of service of process within 180 days does not, by such pleading, waive the defect being claimed (GCR 1963, 102.5).

Appeal from Kent, Roman J. Snow, J. Submitted June 10, 1976, at Grand Rapids. (Docket No. 23980.) Decided October 19, 1976.

Complaint by Esther V. Krueger against Alice J. Williams for damages resulting from an automobile collision. Complaint dismissed. Plaintiff appeals. Affirmed.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay),* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer* (by *Timothy I. Miner),* for defendant.

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

M. J. KELLY, J. On March 4, 1974, plaintiff filed a complaint in the circuit court of Kent County for damages allegedly resulting from an automobile collision occurring on May 7, 1971. In compliance

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with Michigan's nonresident motorist statute,[1] plaintiff on July 11, 1974, served the summons and complaint on the Secretary of State and by registered mail to defendant's last known address. The summons and complaint were returned on July 17, 1974 to the plaintiff marked "moved—left no address".

On July 24, 1974, plaintiff mailed a copy of the summons and complaint to defendant's liability insurer, Detroit Automobile Inter-Insurance Exchange (hereinafter referred to as DAIIE). A special appearance, answer and motion for accelerated judgment were entered by defendant's attorney on August 9, 1974 challenging the court's jurisdiction and raising the statute of limitations as a bar to the action. On September 13, 1974,

---

[1] MCLA 257.403; MSA 9.2103:

"Sec. 403. (a) Service of summons in any action against a person, who at the time of such service is a nonresident of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state or in which a motor vehicle owned by him may have been involved while being operated with his consent, express or implied, on such public highway, may be made upon the secretary of state as the true and lawful attorney of such person with the same legal force as if served on him personally within this state. Service of such summons shall be made by leaving a copy thereof with the secretary of state, or his deputy, who shall keep a record of each such process and the day and hour of service, and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff or his attorney to the defendant. If personal service of such notice and copy of summons [is] had upon the defendant the officer making the service shall so certify in his return which shall be filed with the court having jurisdiction of said cause, or if service be made by registered mail then the plaintiff or his attorney shall make an affidavit showing that he has made service of the notice of summons upon the defendant by registered mail as herein provided and the affiant shall attach thereto a true copy of the summons and notice so served and the registry receipt of the defendant and shall file the affidavit and attached papers with the court having jurisdiction of [the] cause. The court in which the action is pending may order such extension of time as may be necessary to afford the defendant reasonable opportunity to defend the action."

pursuant to GCR 1963, 105.8, plaintiff filed a motion for substituted service on the defendant by serving DAIIE. Three hearings were subsequently held on these motions. On April 4, 1975, defendant filed a motion for mandamus to force the clerk to dismiss the complaint in accordance with GCR 1963, 102.5. At the last hearing, defendant's motion for mandamus was granted and plaintiff's motion for substituted service denied. It does not appear that the trial judge ruled on the motion for accelerated judgment. Plaintiff appeals these orders as a matter of right claiming that the trial court abused its discretion in denying her motion for substituted service.

We hold that the trial court did not have jurisdiction over defendant and, 180 days having passed, was compelled to dismiss the complaint.

In Michigan, suit is commenced for the purpose of the running of the statute of limitations upon the filing of the complaint. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). It is undisputed that plaintiff commenced her action well within the statutory period.[2] GCR 1963, 102.5 provides that a plaintiff has 180 days from the filing of the complaint in which to serve a defendant. If the defendant is not served within 180 days, the clerk is obliged to dismiss the complaint. However, our Supreme Court has held that the rule is not self-executing and that if a defendant is personally served before the clerk dismisses the complaint, the action is viable even if more than 180 days have passed since its commencement. *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974).

GCR 1963, 102.5(1) provides:

".5 Dismissal of Action, Defendants not Served. Every

[2] MCLA 600.5805(7); MSA 27A.5805(7).

action shall be dismissed, without prejudice, as to any defendant in the action who has not been served with process personally, by substituted service or by publication within 180 days from the date of the filing of the first complaint in the action with the court unless that defendant has filed any pleading in the action within that period of time, in which event, the action shall not be dismissed as to that defendant.

"(1) Upon the expiration of 180 days from the date of the filing of the first complaint in the action with the court, the clerk of the court in which the complaint was filed shall examine the court records in the action and, if he determines that any defendant in the action has not been served with process within that period of time, he shall automatically enter an order of dismissal as to that defendant as provided above. This sub-rule shall not apply if that defendant has filed any pleading in the action within that period of time."

It is undisputed that defendant has not been served personally. Additionally, she has not been served by substituted service. The nonresident motorist statute sets out the procedure for substituted service,[3] and requires actual notice of the pendency of the action before jurisdiction is acquired over the defendant. *Tomkiw v Sauceda,* 374 Mich 381, 386; 132 NW2d 125, 128 (1965), *Melville v Kelleher,* 22 Mich App 251, 256; 177 NW2d 238, 240 (1970). The return of the registered letter shows an invalid service. *Tomkiw v Sauceda, supra.* The copy mailed to DAIIE is not service of process. There is no statute or court rule authorizing such a procedure. Plaintiff attempted later to utilize GCR 1963, 105.8 to legitimize such service. GCR 1963, 105.8 states as follows:

"The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is

---

[3] MCLA 257.403; MSA 9.2103, reprinted *supra.*

reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in the manner provided for under other rules."

The rule requires a court order prior to the service. Technical defects in service of process may be cured by amendment so as not to render the service void. *Barber v Tuohy,* 33 Mich App 169; 189 NW2d 722 (1971), see also *Fulton v Citizens Mutual Ins Co,* 62 Mich App 600; 233 NW2d 820 (1975). However, this Court has expressed the view that GCR 105.8 requires strict compliance. *Felix v Felix,* 47 Mich App 744; 209 NW2d 871 (1973), *Conrad v Ward,* 33 Mich App 687; 190 NW2d 361 (1971). A court order is a condition precedent to the utilization of GCR 105.8, see *Felix v Felix, supra.* At the time of the service on DAIIE plaintiff did not have a court order and therefore did not obtain service on defendant.

Plaintiff claims that although defendant was not personally served, defendant filed a pleading, and therefore the complaint is not subject to dismissal. Defendant filed a special appearance for the very purpose of claiming a jurisdictional defect due to the lack of service of process. To hold that a defendant waives the very defect that he is claiming would be ludicrous to say the least. We find that defendant's special appearance and motion do not constitute a pleading and approve the following analysis.

"Even if process has not been served within 180 days, the action is not dismissed under the amended rule if the defendant has 'filed any pleading,' thereby having submitted to the jurisdiction of the court. What if the defendant has not filed a pleading, but has filed a

motion for accelerated judgment or a motion for summary judgment under Rules 116 or 117? For other purposes under the rules, such motions are not considered to be pleadings. (For example, plaintiff's right to amend his complaint as a matter of course, up to 15 days after a responsive pleading is served, is not affected by the filing of a motion for accelerated judgment or a motion for summary judgment.) However, the filing of such a motion does waive the defense of lack of jurisdiction over the person, unless that defense is included in the motion. Sub-rule 116.2. It would not make much sense to construe sub-rule 102.5 as requiring dismissal for lack of service of process after defendant has waived any defense based on lack of jurisdiction over him. Therefore, a motion under Rules 116 or 117, except the motion to quash or dismiss under sub-rule 116.1(1), should probably be considered a 'pleading' for the purpose of avoiding a dismissal under sub-rule 102.5." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1975 Supp, pp 12–13.

The 180 days had expired on September 3, 1974. Plaintiff filed her motion for substituted service on September 13, 1974. At the time that defendant's motion for accelerated judgment and plaintiff's motion for substituted service were heard, the court was without jurisdiction over the person of defendant. This distinguishes *Goniwicha.* There, the court had jurisdiction over the defendant and could thus proceed. Here, had the court taken the motions in order of their filing, it would have been compelled to rule on defendant's motion for accelerated judgment first and certainly dismissal would follow. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 544; 260 NW 908 (1935), *Heikkinen v Hovinen,* 7 Mich App 541; 152 NW2d 163 (1967). Plaintiff's motion was untimely. We do not speculate as to the outcome had plaintiff filed a motion for substituted service prior to the expiration of 180 days.

Although the trial court did not expressly rule on defendant's motion for accelerated judgment this Court may now do so.[4] We grant the motion and affirm the dismissal of the complaint.

Costs to defendant.

---

[4] GCR 1963, 820.1(7).