KRUEGER v WILLIAMS (ON REHEARING)

1. MOTIONS—ORDER OF HEARING—NOTICE FOR HEARING.

Motions made in the trial court are generally heard in the order in which they are noticed for hearing.

2. PROCESS—SERVICE OF PROCESS—COMPLAINTS—180-DAY PERIOD—DIS-MISSAL OF COMPLAINT—ORDER OF COURT.

A plaintiff has 180 days from the date of the filing of the complaint in which to serve the defendant, and if the defendant is not served within 180 days the clerk of the court is obliged to dismiss the complaint; however, this rule is not self-executing and the plaintiff's complaint is pending until dismissed by order of the clerk or the circuit court.

3. PROCESS—SUBSTITUTED SERVICE—TRIAL JUDGE'S DISCRETION—COURT RULES.

It is within the discretion of a trial judge whether or not a plaintiff may use substituted service in serving a complaint upon a defendant; substituted service, if allowed by the trial judge, must be by a method reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard (GCR 1963, 105.8).

4. PROCESS—SUBSTITUTED SERVICE—TRIAL COURT'S DISCRETION—AP-PEAL AND ERROR—NOTICE TO DEFENDANT.

A trial judge may deny a plaintiff's motion for substituted service on a defendant where the method of substituted service is service upon the defendant's insurance company, which had not been in contact with the defendant for over three years, and therefore is not reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

Appeal from Kent, Roman J. Snow, J. Submitted

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Motions, Rules, and Orders § 10.
[2] 62 Am Jur 2d, Process § 5.
[3] 62 Am Jur 2d, Process § 66.
[4] 62 Am Jur 2d, Process § 70.

June 10, 1976, at Grand Rapids. (Docket No. 23980.) Decided April 18, 1977. Leave to appeal applied for.

Complaint by Esther V. Krueger against Alice J. Williams for damages resulting from an automobile collision. Complaint dismissed. Plaintiff appeals. Affirmed, 71 Mich App 638; 248 NW2d 650 (1976). Rehearing granted. Affirmed.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay),* for plaintiff.

*Allaben, Massie, VanderWeyden & Timmer* (by *Timothy I. Miner),* for defendant.

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

## ON REHEARING

M. J. KELLY, J. We granted rehearing in this matter to correct an erroneous statement made in our earlier decision. 71 Mich App 638; 248 NW2d 650 (1976). The issue involved was whether the trial court abused its discretion in denying plaintiff's motion for substituted service.

As part of our holding in that decision we stated the following:

"Here, had the court taken the motions in order of their filing, it would have been compelled to rule on defendant's motion for accelerated judgment first and certainly dismissal would follow. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 544; 260 NW 908 (1935), *Heikkinen v Hovinen,* 7 Mich App 541; 152 NW2d 163 (1967). Plaintiff's motion was untimely. We

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

do not speculate as to the outcome had plaintiff filed a motion for substituted service prior to the expiration of 180 days.

"Although the trial court did not expressly rule on defendant's motion for accelerated judgment this Court may now do so. We grant the motion and affirm the dismissal of the complaint." 71 Mich App 638, 644–645. (Footnote omitted.)

We were in error in implying that the trial court needed to have taken the motions in the order of their filing. Instead motions are generally heard in the order in which they are noticed for hearing. *Forest v Parmalee (On Rehearing)*, 60 Mich App 401, 406; 231 NW2d 378 (1975). However the fact is that the plaintiff's motion for substituted service was properly called for hearing prior to defendant's motion for summary judgment (and prior to defendant's motion for mandamus to order the clerk to dismiss plaintiff's cause of action on the ground that 180 days had passed).

Under the rule of *Goniwicha v Harkai*, 393 Mich 255; 224 NW2d 284 (1974), the 180-day rule is not self-executing. Plaintiff's complaint was pending until dismissed by order of the clerk or the circuit court. If the trial court had granted plaintiff's motion for substituted service on its merits, then it could have directed a service of process in accordance with GCR 1963, 105.8.

We now reach the issue that we failed to reach before. Plaintiff urges that the trial court abused its discretion in not granting her motion for substituted service on the defendant's insurance company under GCR 1963, 105.8.

The trial court ruled that substituted service on the defendant's insurance company was not "reasonably calculated to give her [the defendant] actual notice of the proceedings and an opportu-

nity to be heard". The committee comments on this court rule are as follows:

"This provision is included to give the court discretion to allow service of process to be made in a manner which satisfies the language of *Milliken v Meyer,* 311 US 457, 61 S Ct 339, 85 L Ed 278 (1940), *i.e.,* a method 'reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.'

"The state of the law seldom remains static for very long, and particularly in the field of service of process, change has been occurring rapidly. Methods of service of process which were absolutely opposed and rejected a few decades ago have now been given the stamp of acceptability by judicial approval and legislative enactment. *It is thus believed desirable to confer discretion upon the courts to permit utilization of new methods of service of process which may be developed, and to permit courts themselves to propose and effectuate other methods of service of process,* so long as the methods meet the requirements of the due process clause of the 14th Amendment to the United States Constitution, and the equivalent clause in the Michigan Constitution.

"In addition, cases may arise which have not been foreseen or provided for in the proposed revision, and this omnibus subsection, permitting the exercise of judicial discretion, will permit service of process to be accomplished without the necessity of enacting amendatory legislation or rules. Foresight and vision as aids to prediction are limited by the scope of human thinking, and no litigant should be penalized because of the lack of a method of accomplishing the formality of service of process. Therefore it is desirable to include the instant provision as a matter of policy." (Emphasis added.)

In *Felix v Felix,* 47 Mich App 744, 746; 209 NW2d 871 (1973), we held that the method of service authorized under GCR 1963, 105.8 must be "reasonably calculated to give the defendant ac-

tual notice of the proceedings and an opportunity to be heard". In the case at bar, an affidavit was filed regarding attempted service on defendant Alice J. Williams at Route 2, Box 165A, Hope, Arkansas. A registered letter was sent to that address under MCLA 257.403; MSA 9.2103 and that registered letter was returned unopened, marked, "moved—left no address". The plaintiffs produced the defendant insurer's underwriting file and proofs were taken in open court to the effect that the last correspondence between the insurance company and the defendant was in July of 1971 at a local Grand Rapids address. There was no contact between the insurance company and the defendant subsequent to that time and after arguments and testimony the trial court held:

"The testimony we have received here makes it clear that the agents and employees of the insurance company have not had any contact with the Defendant, Alice J. Williams since 1971; do not know of her whereabouts; and it is clear that service upon the insurance company would not be reasonably calculated to give actual notice to Alice J. Williams.

"Therefore the motion for substituted service upon the insurance company is denied."

We find no abuse of discretion in this ruling. It appears that plaintiff's representatives made diligent efforts to locate the defendant but said efforts were unrewarded. Were we to order substituted service on the insurance company under the record presented here, we would be ignoring the very strong indication that substituted service would be unlikely to give defendant actual notice of the proceedings and an opportunity to be heard.

Affirmed. No costs.