## MOYER v LOTT

Docket No. 77-2073. Submitted June 6, 1978, at Detroit.—Decided October 2, 1978.

Marlin Moyer filed suit against Robert L. Lott for damages arising from an automobile accident. Plaintiff alleged that personal service of process failed because the defendant had moved from his last known address and that attempted service at an address in Iowa was also unsuccessful. Plaintiff obtained an order from the Wayne Circuit Court allowing service to be made on the defendant's insurance company in Iowa by certified mail, return receipt requested. The insurer answered and contested the jurisdiction of the court. The Wayne Circuit Court, Richard N. Loughrin, J., denied a motion by plaintiff for default judgment and granted the insurance company's motion to quash service. Plaintiff appeals, alleging that the insurer waived any defects in service by failing timely to raise the issue and that the original order for substitute service was valid. *Held:*

1. Consideration of the motion to quash service was not an abuse of discretion because the defendant's insurer did, in its pleadings, put the plaintiff on notice that jurisdiction was an issue, even though the insurer did not specify the grounds for its jurisdictional defense.

2. The order for substitute service on the insurer was not reasonably calculated to give the defendant actual notice in accordance with requirements of due process; therefore, the motion to quash was properly granted.

Affirmed.

1. Pleading—Courts—Jurisdiction—Defenses—Lack of Jurisdiction—Court Rules.

A defendant waives the defense of lack of jurisdiction unless the defense is raised in the first responsive pleading or motion filed not later than the first responsive pleading; it is sufficient that

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 95.
61 Am Jur 2d, Pleading § 130.
[2, 3] 62 Am Jur 2d, Process § 65 *et seq.*

the plaintiff be put on notice that jurisdiction is an issue even though the defendant does not specify in its initial pleading upon which ground it is basing its jurisdictional defense (GCR 1963, 116.1, 116.2).

2. PROCESS—COURTS—DISCRETION OF COURTS—PERSONAL SERVICE—ALTERNATIVE SERVICE—COURT RULES.

A trial court has discretion to permit an alternative means of service where personal service of process cannot be effectuated; such an alternative method must be reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard (GCR 1963, 105.8).

3. PROCESS—SERVICE OF PROCESS—SUBSTITUTE SERVICE—CERTIFIED MAIL—DEFENDANT'S INSURER—DUE PROCESS.

Substitute service of process by certified mail upon a defendant's out-of-state insurer, after attempted personal service had failed because the defendant had moved from his last known address, was properly quashed because such substitute service cannot be construed so as to give notice reasonably calculated to reach the defendant in accordance with due process requirements.

*Silber, Katz, Bocknek & Schreier, P.C.* (by *Sue Ellen Singer),* for plaintiff.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by *William J. Liedel),* for defendant.

Before: BASHARA, P.J., and BRONSON and C. W. SIMON, JR.,* JJ.

BASHARA, P.J. This is an appeal from the Wayne Circuit Court granting defendant's motion to quash service.

Suit for alleged damages from an auto accident was commenced in April of 1976. In August of that year, plaintiff filed a motion for substituted service, alleging that defendant had moved from his last known address so that attempted personal service had failed. Plaintiff further alleged that attempted service on an address in Iowa had been

* Circuit judge, sitting on the Court of Appeals by assignment.

returned unserved. An order for substituted service was obtained from the Wayne County Circuit Court, ordering that service could be made on defendant by serving defendant's insurance company in Iowa, by certified mail, return receipt requested.

An answer was filed which stated *inter alia* that defendant contested the jurisdiction of the court. Plaintiff moved to strike defendant's answer and enter a default for failure to answer certain interrogatories. In return, a motion was filed by counsel for defendant's insurance company to set aside the earlier order for substituted service and to quash service of process.

Counsel for the insurance company argued that the defendant had not been reached and that the substituted service was not reasonably calculated to give actual notice as required by due process. The trial court denied plaintiff's motion for default judgment and granted defendant's motion to quash service, thereby vacating the court's original order.

Plaintiff first contends that defendant's insurance company waived any defects in the service of process by failing to raise the issue in its first responsive pleading.

GCR 1963, 116.1 and 116.2 state that the defense of lack of jurisdiction is waived unless made in the first responsive pleading or motion first filed. A review of the pleadings reveals that while defendant's insurance company did not specify the grounds for its jurisdictional defense, it did put plaintiff on notice that jurisdiction was an issue. Clearly, the plaintiff was not prejudiced or misled. We conclude that the trial court did not abuse its discretion in considering the motion to quash service. *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972), *lv den,* 388 Mich 810 (1972).

Plaintiff also argues that the original order for substituted service was valid and should not have been disturbed by subsequent court action.

Our court rules provide that service of process upon an individual is to be effectuated by leaving the summons and complaint with him personally or, in certain other instances, with his agent or guardian. GCR 1963, 105. However, occasions arise where the person to be served has relocated from his last known address and, after a reasonably diligent effort, cannot be found. Whether such a maneuver is intentionally designed to avoid litigation is immaterial; the result is the same. The right of an aggrieved party to litigate his claims before the judiciary is placed in conflict with the right of his opponent to notice of the proceeding and an opportunity to present a defense.

Reconciliation of those rights under such circumstances, consistent with procedural due process of law, entailed a recognition of alternative means to personal service for giving an adversary notice of the pendency of an action against him. See, *e.g., Milliken v Meyer,* 311 US 457; 61 S Ct 339; 85 L Ed 278 (1940), *reh den,* 312 US 712; 61 S Ct 548; 85 L Ed 1143 (1941), *Wuchter v Pizzutti,* 276 US 13; 48 S Ct 259; 72 L Ed 446 (1928); *Hess v Pawloski,* 274 US 352; 47 S Ct 632; 71 L Ed 1091 (1927). Consequently, it is now acknowledged that "within the limits of practicability notice must be such as is reasonably calculated to reach interested parties". *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 318; 70 S Ct 652; 94 L Ed 865 (1950). See also *Krueger v Williams (On Rehearing),* 75 Mich App 1; 254 NW2d 625 (1977).

Under our court rules, when personal service of process cannot be effectuated, the trial court is endowed with discretion to permit an alternative

means of service to be utilized. GCR 1963, 105.8. By the express language of that rule, the alternative method must be such as "is reasonably calculated to give him [defendant] actual notice of the proceedings and an opportunity to be heard * * * ". *Id.*

The fact that the substituted means of service do not, in fact, convey actual notice to the opposing party does not necessarily result in a violation of due process. The criteria for compliance with due process were succinctly summarized by the Court as follows:

"The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane, supra,* at 315; 70 S Ct at 657–658; 94 L Ed at 874 (citations omitted).

In *Mullane,* the Court also recognized the role of notice by publication as a legitimate means of substitute service:

"This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317; 70 S Ct at 658; 94 L Ed at 875 (citations omitted).

We therefore conclude that the trial court does have discretion to effectuate substitute service in civil actions. However, we must affirm the circuit court's order quashing service in the instant case. The order for substituted service could in no way be construed so as to give notice reasonably calculated to reach the defendant in accordance with due process requirements.

Affirmed, costs to defendants.