Phyllis BLAHA, Plaintiff,

v.

A. H. ROBINS AND COMPANY, Defendant.

No. G 76–129.

United States District Court, W. D. Michigan, S. D.

March 22, 1982.

Norman H. Rosen, Detroit, Mich., for plaintiff.

Richard A. Kitch, Detroit, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

This action comes before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and on a Motion to Dismiss pursuant to FRCP 41(b) for failure to prosecute.

▪ In reviewing Defendant's Motion, the Court's inquiry at this point in the proceedings—before any evidence is received by affidavit, admission or otherwise—is limited, merely, to whether or not the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. In making this determination, all allegations in the pleadings are to be taken at "face value" and should be construed in a light most favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *California Motor Transport Company v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). As the Sixth Circuit said, "well pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion". *Davis H. Elliot Company v. Caribbean Utilities Company*, 513 F.2d 1176, 1182 (CA 6 1975). All reasonable inferences which might be drawn from the pleadings must be indulged. *Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (CA 6 1972).

▪ Defendant contends that Plaintiff's cause of action is barred because it was not commenced within the three-year period of the applicable statute of limitation.[1] The burden of establishing the bar of the statute of limitation is the responsibility of one interposing that defense. *Akron Presform Mold Company v. McNeil Corporation*, 496 F.2d 230 (CA 6 1974).

---

1. M.C.L.A. § 600.5805; M.S.A. § 27A.5805 provides:

    No person may bring or maintain any action to recover damages for injuries to person or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

    \*   \*   \*   \*   \*   \*

    (7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

This action was commenced on March 10, 1976 by Plaintiff for injuries she allegedly sustained through the use of an intrauterine device known as the Dalkon Shield, manufactured, distributed, marketed, and sold by Defendant. She was fitted with such a device, supplied by Defendant on May 23, 1972. Some time later, Plaintiff allegedly sustained injuries from the use of the device, including but not limited to a total hysterectomy, which was performed in November, 1974. Thereafter she filed the Complaint at issue.

Approximately five weeks later, on April 19, 1976, pursuant to Rule 9 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 65 F.R.D. 253 (1975), this matter was transferred to the United States District Court for the District of Kansas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Subsequent thereto, on January 11, 1980, the Complaint and Summons were re-issued and undisputedly delivered to Defendant on January 18, 1980. On February 19, 1980 Defendant filed a special appearance for the purpose of contesting the Court's jurisdiction and in addition, answered Plaintiff's Complaint. Thereafter, on March 16, 1981, pursuant to 28 U.S.C. § 1407(a) the District Court in Kansas remanded the case to this Court for further proceedings.

Defendant claims that this action is barred by the aforementioned statute of limitations since: "This matter was not delivered to the Marshal for service until nearly four years later in January of 1980. It was not served upon the Defendant until January 18, 1980." (page 1, brief in support of Motion to Dismiss)[2]

It is well settled that state statutes of limitation are "substantive" laws and must be followed by federal courts in diversity actions. *Guaranty Trust Company v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Clearly, then, the aforementioned Michigan statute of limitations should be applied. Whether the Michigan rule pertaining to the determination of whether the statute of limitations has been tolled is undoubtedly the more difficult question.

Initially, it is necessary to outline the relevant Michigan law on this issue. The case of *Connelly v. Paul Ruddy's Company*, 388 Mich. 146, 200 N.W.2d 70 (1972) is instructive. There, the Michigan Supreme Court applied the statutory limitation period contained in M.C.L.A. § 600.5805(7), *supra*, to a personal injury action. Reference was made to a subsequent section of the Revised Judicature Act to determine the accrual date of the claim:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done, regardless of the time when damage results. M.C.L.A. § 600.-5827; M.S.A. § 27A.5827.

The court wrote: "Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run." *Id.* at 151, 200 N.W.2d

---

**2.** It is noted that transfer of this action to the District Court of Kansas, pursuant to the Rules of Procedure pertaining to Multidistrict Litigation does not obviate the necessity of serving the Defendant with a copy of the complaint and summons in this particular instance. Indeed, the fact that the case was transferred into Multidistrict Litigation is not dispositive of the issue at hand. Transfer was effected pursuant to the *Opinion and Order of the Kansas District Court,* [*In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation*] 406 F.Supp. 540 (D.C.Kansas 1975) and not upon motion of either party litigant. That order only

provided that the conditional transfer would not be stayed unless "any party files a Notice of Opposition with the Clerk of the Panel" within fifteen days. In order to oppose said conditional transfer, the Defendant must have first been apprised of such imminent transfer. It is axiomatic that to be so apprised, the Defendant must have been served with Plaintiff's complaint and summons. Therefore, the question presented in the case sub judice concerns solely whether the purported lack of service operated to bar Plaintiff's cause of action; the transfer to multidistrict litigation being inconsequential to such determination.

70. In the case at bar, Plaintiff's claim accrued in November of 1974.[3] Nonetheless, Plaintiff's cause of action is not timely under Michigan law.

Generally, a suit is commenced in Michigan for the purpose of the running of the statute of limitations upon the filing of a complaint. *Krueger v. Williams*, 71 Mich. App. 638, 641, 248 N.W.2d 650 (1976), reh. on other grounds, 75 Mich.App. 1 (1977); *Buscaino v. Rhodes*, 385 Mich. 474, 189 N.W.2d 202 (1971). See also GCR 1963, 101. Prior Michigan case law required "due diligence to give notice to the Defendant" and "reasonable promptitude in serving the original summons and alias summonses." *Yeager v. Mellus*, 328 Mich. 243, 248, 43 N.W.2d 836 (1950). Since then, a Michigan statute has specifically defined the time for service under the circumstances of this case as a maximum of 90 days. The applicable section provides:

> Sec. 5856. The statutes of limitations are tolled when
>
> (1) The complaint is filed and a copy of the summons and complaint are served on the defendant, or when
>
> (2) jurisdiction over the defendant is otherwise acquired, or when,
>
> (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter. M.C.L.A. § 600.5856; M.S.A. § 27A.5856.

See for example, *Guastello v. Citizens Mutual Insurance Company*, 11 Mich.App. 120, 160 N.W.2d 725 (1968).

Thereafter, under the rule of *Buscaino*,[4] *supra*, a complaint filed before expiration of the statute of limitations apparently would have kept the action alive indefinitely, without service of process on the defendant, subject only to the possibility of a "no-progress" dismissal if the summons had not been served within one year. See GCR 1963, 501.3. In response, sub-rules 102.4–.6 to the Michigan General Court Rules were added by amendment of April 3, 1972, effective July 1, 1972, in an effort to give definition to state service requirements and modify section 5856(3). Under the amended rule, the summons will expire and the action will be dismissed as to any defendant who has not been served with process or has not filed a pleading within 180 days of the filing of the complaint.[5] Sub-rule 102.5 was further amended on October 24, 1972, effective immediately, to specify that the 180 days runs from the filing of the "first complaint in this action".

The rule was construed in *Goniwicha v. Harkai*, 393 Mich. 255, 224 N.W.2d 284 (1974) where service occurred more than 180 days after the filing of the complaint

---

**3.** It is apparent that Plaintiff's cause of action did not accrue until the hysterectomy was performed in November of 1974, thereby setting the end period for the applicable statute of limitations in November of 1977.

**4.** The *Buscaino* court held:

> We can, indeed we must, read both GCR 1963, 101 and M.C.L.A. § 600.5868 (Stat. Ann.1962 Rev. § 27A.5856) according to the plain language of each, giving effect to the meaning of the words as they ought to have been understood by those who adopted them. First, GCR 1963, 101 means that an action is commenced by the filing of a complaint. It has that meaning in the context of the statutes of limitations, as well as every other context.
>
> Second, MCLA § 600.5856 (Stat.Ann.1962 Rev. § 27A.5856) has nothing to do with when an action is commenced. It has to do with when statutes of limitations are tolled.

'To toll the statute of limitations means to show facts which remove its bar of the action.' Black's Law Dictionary (4th ed.), p. 1658.

Since there can be no question of 'removing' the bar of the statute of limitations unless and until in the absence of tolling the statute would have barred the action, there can be no issue of 'tolling' in any case where the action is commenced within the statutory period of limitation.

It is only when the action is not commenced within the statutory period—as determined by consulting the date of claim, the date of filing the complaint and a calendar—it is only when a *prima facie* bar of the statute appears, that tolling comes into play. 385 Mich. 474 at 481, 189 N.W.2d 202.

**5.** Plaintiff's post hearing brief utterly ignores this development.

and issuance of the summons, but before the clerk dismissed. The circuit judge later granted an accelerated judgment on the basis of sub-rules 102.4 and 102.5. The Court of Appeals affirmed and the Supreme Court preemptorily reversed and in doing so stated:

> While amended Rule 102 obliges the clerk of the court to dismiss a complaint upon the expiration of 180 days from the date of the filing of the complaint and provides that he shall 'automatically enter an order of dismissal,' the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed. *Id.* at 257, 224 N.W.2d 284.

This pronouncement was criticized by the Michigan Committee to Review and Consolidate the Court Rules which declared:

> The rule created an administrative nightmare for the court clerks, and left the rights of the parties dependent on the administrative operations of the clerk's office. This situation was inequitable and unsatisfactory. 402A Mich. 96 (1978).

The Committee accordingly recommended that a revised form of Rule 102 be adopted. This proposed revision included the provision that "failure of the clerk to enter an order of dismissal does not continue an action deemed dismissed." Proposed MCR 2.102E(2). In *Brashers v. Jefferson*, 402 Mich. 399, 263 N.W.2d 243 (1978), the Supreme Court agreed that the court rule needed to be revised and that upon adoption *Goniwicha* should no longer be followed. The Committee's recommendations were thus incorporated into a proposed amended Rule 102 which made self-executing the

above mentioned dismissal provision. This rule was thereafter adopted and became effective April 15, 1979.[6]

Here, it is apparent that service of the first Complaint was not accomplished within 180 days as directed by the Court rule as that rule has been interpreted in *Brashers*. Indeed, service was not accomplished on or by April 15, 1979 or within 180 days thereafter. Moreover, during this time period, Defendant did not submit to the jurisdiction of the Court. Thus, valid service of process was not effectuated in this action and pursuant to section 5856, *supra*, the statute of limitations is not thereby tolled. Because of said ineffective service, the complaint in the case at bar is deemed dismissed under the court rule and as the statutory period for said claim has passed and as Plaintiff has not sought to refile this claim prior to January 11, 1980, under Michigan law, Plaintiff's suit is barred by the statute of limitations.[7]

It is necessary to conduct a similar analysis of relevant federal law. Although the Sixth Circuit recently stated that "federal courts must look to Rules 3 and 4 of the FRCP to determine when an action is commenced" *United States v. Wahl*, 583 F.2d 285, 287 (CA 6 1978), the opposite conclusion was authoritatively pronounced by the Supreme Court in *Walker v. Armco Steel Corporation*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). There the court stated:

> ... in diversity actions Rule 3 governs the date from which various timing requirements of the federal rules begin to run, but does not affect state statutes of

---

**6.** GCR 1963, 102.5 states:

(a) 180 days after the first complaint in the action is filed, or if the court has extended the time for service under subrule 102.4, on the expiration of the period as extended,

(1) an action is deemed dismissed without prejudice as to a defendant who has not been served with process under rule 105 or 106, unless the defendant has submitted to the court's jurisdiction; and

(2) the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted himself to the court's jurisdiction.

(b) The clerk's failure to enter a dismissal order does not continue an action deemed dismissed. The clerk must give notice of the entry of a dismissal order under rule 107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

**7.** The statute of limitations period ran in May of 1978 since Plaintiff's cause of action expired in November of 1977, affording her 180 days within which to have service of her previously filed complaint effected.

limitations. *Id.* at 1989 (footnote omitted)

The *Walker* court noted that "Rule 3 simply provides that an action is commenced by filing the complaint and has as its primary purpose the measuring of time periods that begin running from the date of commencement; the rule does not state that filing tolls the statute of limitations." *Id.* 446 U.S. at 750, 100 S.Ct. at 1985, 64 L.Ed.2d at 668, n.10. In so doing, the Court conclusively stated that *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) did not overrule its previous opinion rendered in *Ragan v. Merchants Transfer and Warehouse Company*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

In *Ragan, supra,* the Supreme Court required application of the Kansas statutory definition of "commencement" of an action rather than the definition of "commencement" under Federal Rule 3 in determining when the Kansas statute of limitations was tolled. The court held that the Kansas "commencement" statute was an "integral part" of that State's statute of limitations and under the principles of *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Guaranty Trust, supra,* the "commencement" statute should be applied to avoid inconsistent treatment of a state-created cause of action in federal and state courts. Subsequent thereto, in *Hanna, supra,* the court noted that in the absence of a conflicting state procedure, the federal rule would plainly control. 380 U.S. at 465, 85 S.Ct. at 1140. There, the court stated:

When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, rela-

tively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions. *Id.* at 471, 85 S.Ct. at 1143. (footnote omitted)

No federal rule requires that a copy of the complaint and summons be served within a certain period of time, the failure of which would result in the dismissal of the Plaintiff's cause of action. Rather, Rule 4(a)[8] FRCP has been interpreted to place a duty upon the Plaintiff to use due diligence in securing the issuance and service of the summons.[9] See for example, *Jefferson v. Stockholders Pub. Co.*, 194 F.2d 281 (CA 9 1952); *Benn v. Linden Crane Company*, 370 F.Supp. 1269 (D.C.ED Pa. 1973); 2 Moore, *Federal Practice* 4.06–1 (2d ed. 1967) and cases cited therein. Moreover, in *Walker, supra,* the court emphasized that "There is no indication that the Rule (3) was intended to toll a state statute of limitation, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." 446 U.S. at 450–451, 100 S.Ct. at 1985, 64 L.Ed.2d at 667–668. Therefore, the present situation is not covered by a federal rule and the *Hanna* analysis does not apply.[10] Instead, the policies behind *Erie* and *Ragan* control the issue. Indeed, a definite procedure has been provided for tolling the Michigan statute. Without doubt, it is an integral part of the statute. See for example, *Sylvester v. Messler*, 246 F.Supp. 1 (D.C.ED Mich. 1964) and *Guastello, supra.* "As such, the service rule must be considered part and parcel of the statute of limitations." *Walk-*

---

8. Rule 4(a) FRCP provides:

   Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to any other person authorized by Rule 4(c) to serve it. Upon request of the Plaintiff separate or additional summons shall issue against any defendants.

9. Indeed, even if the Plaintiff were not held to the strict Michigan standard, her complaint would be subject to dismissal under the broad

federal "due diligence" standard. It cannot be said that a complaint filed and then served approximately four years later comports with said standard.

10. Here, there is no conflict between a federal rule and a state rule, as there is no federal rule similar to GCR 1963, 102.5. Plaintiff is mistaken in equating FRCP 41(b) with this state rule as 41(b) does not pertain to the implementation of any tolling procedures.

*er, supra,* 446 U.S. at 752, 100 S.Ct. at 1986, 64 L.Ed.2d at 669.

The court in *Walker* aptly stated:

there is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. *Walker, supra,* 446 U.S. at 753, 100 S.Ct. at 1986, 64 L.Ed.2d at 669.

Plaintiff's failure to effect service within the time prescribed by GCR 1963, 102.5 or to indicate any reason why service could not have been so made, operated to keep the statute of limitations running. Thus, Plaintiff's action against Defendant is now time barred, service having been effected more than three years after expiration of the limitations period in May of 1978. Accordingly, Defendant's Motion to Dismiss is granted. In view of the foregoing, the Court need not address the merits of Defendant's Rule 41(b) Motion.