FELIX v FELIX

1. PROCESS—SUBSTITUTED SERVICE—COURT RULES.

The prerequisites for utilization of the court rule allowing substituted service of process are that there be a showing that service cannot reasonably be made under other rules and that the method of service authorized be reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard (GCR 1963, 105.8).

2. PROCESS—SUBSTITUTED SERVICE—COURT RULES—DISCRETION.

A trial court abused its discretion in authorizing substituted service of process to be made upon the insurer of a defendant even though the plaintiff had diligently attempted personally to serve the defendant for 11 months where the necessary showing of inability to serve process under other court rule provisions for substituted service was not made by the plaintiff (GCR 1963, 105.2[4], 105.8).

3. PROCESS—SUBSTITUTED SERVICE—AMENDMENT—PREJUDICE—APPEAL AND ERROR.

A plaintiff was not entitled to a remand from the Court of Appeals to amend his application for substituted service of process which had been erroneously granted by the trial court where there was no finding of substantial compliance with the rule allowing substituted service in that a condition precedent of the rule, the showing of inability to effectuate service under the other rules, had not been met, where there was no indication that the defendant to be served had notice of the suit before the expiration of the statute of limitations, and where it appeared that defendant would suffer material prejudice as a result (GCR 1963, 105.8).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 8, 1973, at Detroit. (Docket No. 13440.) Decided June 26, 1973.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 62 Am Jur 2d, Process § 65 *et seq.*

Complaint by Robert P. Felix against Gerald M. Felix, K-Mart Discount Stores division of S. S. Kresge Company, Kramer Designs, and Meldrum Plastics Company for damages for personal injuries. Aetna Casualty & Surety Company intervened as a defendant and moved to quash substituted service of process made upon it. Motion denied. Intervening defendant appeals by leave granted. Reversed.

*Lopatin, Miller, Bindes & Freedman (Michael H. Feiler,* of counsel), for plaintiff.

*Morton H. Collins,* for intervening defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS, JJ.*

McGREGOR, J. By leave granted, intervening defendant Aetna Casualty & Surety Company appeals from the trial court's denial of its motion to quash service of process.

Plaintiff instituted this action to recover $150,-000 in damages for injuries he sustained while playing with an "Op-Yop" toy while a guest in the home of his brother. The complaint alleged that the plaintiff suffered a serious and permanent eye injury as a result of a defect in the toy. Defendant K-Mart Discount Stores marketed the toy, and defendant Meldrum Plastics Company allegedly manufactured the toy pursuant to the design of defendant Kramer Designs.

Kramer Designs is alleged in the pleadings to be a business concern operating in Royal Oak, Michigan, under an assumed name certificate. Numerous attempts to achieve personal service of process

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

upon the owner of the business, Robert P. Kramer, were unsuccessful. Plaintiff filed a petition under GCR 1963, 105.8, seeking permission to make substituted service of process on Aetna Casualty & Surety Company, Kramer's liability insurer. The trial court authorized such service, and intervening defendant Aetna appeals from the denial of its motion to quash.

The sole issue is whether the trial court abused its discretion in allowing substituted service of process to be made on Aetna, under GCR 1963, 105.8, which provides:

"The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in the manner provided for under other rules."

Two prerequisites to the utilization of this court rule are apparent. First, there must be a showing that service of process cannot reasonably be made under other rules and, second, the method of service authorized must be reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

Although it is clear that plaintiff diligently attempted personally to serve defendant Kramer for some 11 months, there is nothing in the record to indicate that substituted service under GCR 1963, 105.2(4) was attempted. That rule provides:

"Service of process may be made, * * *
"(4) upon an individual doing business under an assumed name, by leaving a summons and a copy of the

complaint with a person in charge of the office or business establishment of such individual and sending a summons and a copy of the complaint by registered mail addressed to such individual at his usual place of abode or last known address."

Because plaintiff neither attempted nor explained his failure to attempt to make service under GCR 1963, 105.2(4), he failed to demonstrate to the trial court that "service of process cannot reasonably be made in the manner provided for under other rules", as required by GCR 1963, 105.8. The trial court in the instant case, therefore, abused its discretion in authorizing service under GCR 1963, 105.8, because the necessary showing of inability to serve under the other rules was not made.[1]

It has been suggested that this case be remanded to allow plaintiff the opportunity to amend service of process in conformance with our holding. The proposed authority for this procedure is *Barber v Tuohy,* 33 Mich App 169 (1971). In that case the nonresident defendants had received actual notice of the suit by registered mail. However, the plaintiffs had failed to include the required notice that the Secretary of State had been served. This Court, in a per curiam opinion, held that this technical defect could be cured even though the statute of limitations had run. Significantly, the Court noted at page 175:

"The defect is a technical one. The defendants had notice of the pendency of suit before the expiration of the statute of limitations. There was substantial compli-

---

[1] This Court, by way of dictim, noted in *State Board of Education v von Zellen,* 1 Mich App 147, 157 (1965), that:

"It appears from the language of the court rule that the discretion of the court is activated by a 'showing to the court that service of process cannot reasonably be made in the manner provided for under other rules.'"

ance within the statutory period with the requirements concerning both the form and manner of service of process. It does not, in the words of Rule 102.3, 'clearly appear that material prejudice would result to the substantial rights of the party against whom the process issued' to enter an order treating the notice that was belatedly mailed as an amendment of the process that was mailed before the statute expired, or, even if it shall be made to appear that the required notice has not as yet been properly mailed, to allow the plaintiff promptly to send the notice in proper form and manner."

In the instant case, the defect is not merely technical. Rather, the showing of inability to effectuate service under the other rules is a condition precedent to the utilization of GCR 1963, 105.8. The absence of such a showing certainly negated the possibility of any finding of substantial compliance with the rule. Finally, there is no indication that defendant Kramer had notice of the suit before the expiration of the statute of limitations. Simply put, *Barber* does not justify remand in this case because it appears that defendant would suffer material prejudice as a result.

Our disposition of this case renders unnecessary consideration of the more serious question of whether substituted service on defendant's liability insurer "is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard".

Reversed.

All concurred.