SECHLER v VanHOEY

Docket No. 77-408. Submitted February 16, 1978, at Lansing.—Decided May 9, 1978.

Mary E. Sechler filed a complaint against Clifford J. VanHoey for damages for injuries sustained in an automobile accident. After her attempts at personal service proved unsuccessful she made a motion to allow substitute service of process. The Washtenaw Circuit Court, William F. Ager, Jr., J., entered an order permitting substitute service by (a) certified mail on the Michigan Secretary of State, (b) certified mail on the defendant at his last known address, (c) certified mail on the insurer of the defendant on the date the accident took place, and (d) by publication. The plaintiff thereafter complied with the order permitting such substitute service. Defendant appeared specially seeking to quash the service of process and dismissal of the action through a motion for accelerated judgment. An order granting the defendant's motion for accelerated judgment was entered dismissing the action on the ground that the defendant was not properly served. Plaintiff appeals. *Held:*

1. The case is remanded to the trial court to receive evidence and make findings concerning the plaintiff's claim that the defendant received actual notice.

2. If the defendant received actual notice then service in this case was unquestionably valid since such personal service is a sufficient basis for personal jurisdiction over the defendant in this matter and the service took place within the 180-day time limit required by court rule.

3. If the defendant did not receive actual notice then the order of dismissal is to be affirmed since the trial court did not err reversibly in ruling that, on the facts of the case, the

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 62 Am Jur 2d, Process §§ 65–68.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 849, 852.
  62 Am Jur 2d, Process § 79.
  Who is subject to constructive or substituted service of process under statutes providing for such service on nonresident motorists. 53 ALR2d 1164.

method of service used was not reasonably calculated to give defendant actual notice of the proceedings.

Remanded for further proceedings consistent with the opinion.

1. PROCESS—SUBSTITUTE SERVICE—PURPOSE—ACTUAL NOTICE—COURT RULES.

The purpose behind the court rule regarding a court's discretion in allowing substitute service of process is to allow the judge to order service by substitute means if those means are reasonably calculated to provide actual notice to the defendant (GCR 1963, 105.8).

2. PROCESS—SUBSTITUTE SERVICE—PUBLIC POLICY—REQUIREMENTS— COURT RULES.

As a matter of public policy courts want to avoid the overuse of substituted service of process and the default judgment it can cause, therefore, two requirements were inserted in the court rule regarding a court's discretion in allowing substitute service: the threshold requirement that service cannot be reasonably made under the other rules, and second, that the judge, in the exercise of his discretion, finds that substitute service is warranted and that the proposed method of service is reasonably calculated to give actual notice (GCR 1963, 105.8).

3. PROCESS—SUBSTITUTE SERVICE—THRESHOLD REQUIREMENTS—AUTO-MOBILES—PERSONAL SERVICE—COURT RULES.

The threshold requirement of the court rule regarding substitute service, that service cannot be reasonably made in a manner provided for under the other rules, was satisfied in an action for damages for injuries sustained in an automobile accident where the record shows that personal service was attempted under the only other applicable court rule and that service was unsuccessful despite diligent efforts (GCR 1963, 105.8).

4. PROCESS—AVOIDANCE BY DEFENDANT—SUBSTITUTE SERVICE— COURT'S DISCRETION—COURT RULES.

Consideration of the fact that defendant is avoiding service of process is proper when a judge is exercising his discretion in deciding whether to permit substitute service under the court rule regarding such service, however, this factor is only indirectly relevant to the resolution of the threshold issue of whether service can reasonably be made in a manner provided for under the other rules and is not a separate distinct requirement (GCR 1963, 105.8).

5. Process—Substitute Service—Due Process—Actual Notice—
   Court Rules.

   Due process requires that the method of substitute service or-
   dered by a court pursuant to the court rule regarding such
   service be reasonably calculated to give the defendant actual
   notice of the proceedings (GCR 1963, 105.8).

*Collins & McCormick,* for plaintiff.

*Hooper, Hathaway, Fichera, Price & Davis,* for
defendant.

Before: Danhof, C. J., and Bronson and N. J.
Lambros, JJ.*

Per Curiam. This case involves a claim for
injuries resulting from an automobile accident
which occurred on March 3, 1973. On December
22, 1975, plaintiff filed her complaint and on Janu-
ary 15, 1976, she made a motion for substitute
service under GCR 1963, 105.8, stating that she
was unable to locate and serve defendant person-
ally despite good faith efforts. On February 24,
1976, the court entered an order permitting substi-
tute service by (1) mailing a copy of the summons
and complaint by certified mail to the Secretary of
State, (2) mailing the same to defendant's address
in Southfield, Michigan, (3) publishing a notice for
four days in the Detroit Free Press, and (4) mail-
ing copies of the summons and complaint to the
Michigan agent for service of process of Aetna Life
& Casualty Company, the insurer of defendant on
the date the accident took place. On March 22,
1976, defendant appeared specially seeking to
quash the service of process and a dismissal of the
action. On January 20, 1977, dismissal was or-
dered on the ground that defendant was not prop-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erly served. In his opinion, the trial judge stated that he found that the circumstances present in this case did not meet the threshold requirements for the use of GCR 1963, 105.8 and that the method of service ordered was not reasonably calculated to give defendant actual notice. Plaintiff appeals claiming that the service of process was valid under GCR 1963, 105.8.

The purpose behind GCR 1963, 105.8 is to allow the judge, in the exercise of his discretion, to order service by substitute means if those means are reasonably calculated to provide actual notice to the defendant. The text of the rule establishes as a threshold requirement that service cannot be reasonably made in a manner provided for under the other rules. In *State Board of Education v von Zellen,* 1 Mich App 147, 157; 134 NW2d 828 (1965), the Court stated that, "It appears from the language of the court rule that the discretion of the court is activated by a 'showing to the court that service of process cannot reasonably be made in the manner provided for under other rules' ". In the case at bar, the record shows that personal service was attempted under GCR 1963, 105.1 but was unsuccessful despite diligent efforts. Thus, the threshold requirement was satisfied. The trial judge, in his opinion, found that service under GCR 1963, 105.8 was not authorized since there was no showing that defendant was attempting to evade service or had taken action which prevented personal service. The holding in *Felix v Felix,* 47 Mich App 744; 209 NW2d 871 (1973), does not require such a finding before the judge is permitted to exercise his discretion under GCR 1963, 105.8. In *Felix, supra,* plaintiff had not attempted to serve defendant under the provisions of other applicable rules. Therefore, plaintiff had not shown that service could not reasonably be made

in a manner provided for under the other applicable rules as required by GCR 1963, 105.8. In the instant case, plaintiff has attempted service under the only other applicable rule, GCR 1963, 105.1, and she was unable to serve defendant as provided for by that rule.

While consideration of the fact that defendant is avoiding service is proper when the judge is exercising his discretion in deciding whether to permit substitute service, this factor is only indirectly relevant to the resolution of the threshold issue of whether service can reasonably be made in a manner provided for under the other rules. It is not a separate, distinct requirement. In promulgating GCR 1963, 105.8, the Supreme Court was not only concerned with making substitute service available in the proper situation but also with limiting its availability to the proper situation. As a matter of public policy, the courts want to avoid the overuse of substitute service and the default judgment it can cause. Certain requirements were inserted into the rule to fulfill this goal. One such requirement is that service cannot be reasonably made under the other rules. Another is that the judge, in the exercise of his discretion, finds that substitute service is warranted and that the proposed method of service is reasonably calculated to give actual notice. Abuses of the use of this rule are to be prevented primarily by entrusting this matter to the trial court's discretion. The threshold requirement was not intended to eliminate all these problems. Rather, a two-step protective process was created with the primary reliance being placed on the last step: the judge's exercise of his discretion. Consequently, there is no justification for limiting the availability of GCR 1963, 105.8, by

requiring as a threshold requirement that defendant was avoiding service. It is sufficient if service could not reasonably be made under the other applicable rules.

Since the facts in this case meet the threshold requirements for the use of GCR 1963, 105.8, and plaintiff's attempts to serve defendant complied with the order of substitute service, the only remaining issue is whether the method of service ordered was "reasonably calculated to give [defendant] actual notice of the proceedings". This requirement was inserted into the rule to preserve it from due process challenges, see 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 113. The validity of the service depends on whether it satisfies this due process requirement.

Initially, we note that plaintiff in her brief on appeal alleges that defendant received actual notice of the suit via certified mail on March 4, 1976. In support of this allegation, plaintiff offers to produce a certified mail receipt signed by defendant on March 4, 1976, showing that defendant received a copy of the summons and complaint. This evidence was not presented to the trial judge and was not considered by him. Plaintiff explains her failure to produce this receipt on the grounds that it was inadvertently misfiled. Due to the importance of whether plaintiff, in fact, received this notice to the resolution of this issue,[1] we are remanding this case to the trial court so that the

---

[1] Analytically, the issue of whether the mode of service is reasonably calculated to give defendant actual notice can be determined from the facts presented to the trial court when it enters an order providing for substitute service. The "reasonableness" of the attempt can be determined independently of whether defendant actually received notice. However, when the courts are in a position to know that defendant did, in fact, receive notice, they normally do not ignore this fact but, rather, it is a factor taken into account in determining whether service was proper.

trial judge can receive evidence and make the necessary findings concerning this fact.

If defendant did receive actual notice, then the service in this case is unquestionably valid under the due process standard, *Hess v Pawloski,* 274 US 352; 47 S Ct 632; 71 L Ed 1091 (1927), *Lawn v Franklin,* 328 F Supp 791 (SD NY, 1971), and the rule. It was a sufficient basis for personal jurisdiction over the defendant in this matter. Service of process took place within the 180-day time limit as required by GCR 1963, 102.4 and therefore, the suit should not have been dismissed, see *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). If the trial court finds that defendant did not receive actual notice, as alleged, then the order of dismissal is affirmed since the trial court did not err reversibly in ruling that, on the facts of this case, the method of service used was not reasonably calculated to give defendant actual notice of the proceedings.

Remanded for further proceedings consistent with this opinion.