

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00070-CV

_____


IN THE INTEREST OF M.L.W., A CHILD



On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2010-304



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

In Muskegon County Circuit Court in the State of Michigan, Jamie Lee Wier[1] obtained a default divorce from her husband, Eleazar Gonzalez; the judgment of divorce made provision for custody and child support for the as yet unborn child who is now M.L.W. On July 23, 2010, the Office of the Attorney General of Texas (AG) filed to register the Michigan trial court's order in the County Court at Law of Panola County, Texas, on behalf of Wier. Gonzalez contested the sought registration, arguing that he was denied due process because he was not properly served. A hearing was held before the County Court at Law of Panola County,[2] following which the trial court found that Gonzalez had not been properly served with notice of the pendency of the action for divorce and granted Gonzalez' contest, an action which denied and vacated the registration of the Michigan divorce order.

On appeal, Wier contends that the trial court erred in granting Gonzalez' contest, maintaining that he was properly served with citation (called a "summons" in Michigan) under the Michigan rules of alternative service of process.[3]

---

[1] The divorce action was brought by "Jamie L. Gonzalez" and the style of the original suit uses that name, but the divorce decree restored her name to "Jamie Lee Wier."

[2] On November 2, 2010, an Associate Judge, Joe Perkins, heard and overruled Gonzalez' contest. Gonzalez then appealed to the presiding judge of the County Court at Law of Panola County.

[3] In her second point of error, Wier appears to contest the trial court's finding that the Michigan trial court lacked personal jurisdiction over Gonzalez. Specifically, Wier contends that Gonzalez established sufficient minimum contacts with Michigan to enable the Michigan trial court to exercise personal jurisdiction over him. Minimum contacts were not an issue at trial and are not at issue on appeal. The sole issue on appeal is whether, through proper service of process, Michigan obtained personal jurisdiction over Gonzalez. Therefore, we do not specifically address

We affirm the trial court's judgment denying certification of the Michigan judgment of divorce.

**FACTUAL BACKGROUND**

Gonzalez and Wier were married in Michigan. Upon the couple's separation, Gonzalez initially moved from Michigan to Chicago, Illinois, where he first resided with his mother, Minerva Gonzalez, at 3120 North Racine. In October 2005, Wier filed for divorce in Michigan, seeking the dissolution of her marriage to Gonzalez as well as custody and child support orders for the couple's then-unborn child.

Upon Wier's motion, the court found that service of process could not "reasonably be made as provided in [Michigan Court Rule] 2.105," and entered an order allowing alternative service of the summons, petition, and alternative service order to be "made by the following method(s): a. First class mail to 3021 West Roscoe Street, 2nd Floor, Chicago, IL 60618[;] b. Tacking or firmly affixing to the door at 3021 West Roscoe Street, 2nd Floor, Chicago, IL 60618."[4] On January 10, 2006, Wier filed a proof of service certifying that Gonzalez was served at the 3021 West Roscoe address via first class mail.[5] When Gonzalez failed to file a response, failed to

---

Wier's stated second point of error.

[4]The order contained neither a disjunctive ("or") nor a conjunctive ("and") between the two methods, and the parties vigorously dispute whether the order mandates that both of the methods or only one of the methods are required to comply with the order for substituted service. Due to our ruling in this case, we need not decide this issue.

[5]There is no evidence that a copy of the complaint and summons were tacked or affixed to the door of the 3021 West Roscoe Street address.

appear at the February 16, 2006, conciliation hearing, and failed to respond to the mailed[6] notice of default, the trial court issued a default judgment of divorce, providing for custody and child support.

After the filing of the Michigan judgment in Panola County, in an effort to register it as a foreign judgment, Gonzales filed his contest, claiming that he was never properly served, and in fact, did not receive any notice of the divorce proceeding until his brother gave him the default judgment of divorce.

After a hearing, the trial court granted Gonzalez' contest and ordered that the registration be denied and vacated. The AG filed a motion for new trial, which was overruled by operation of law. The trial court issued findings of fact and conclusions of law. Wier then filed this appeal.

*Was Gonzalez properly served?*

The trial court vacated the registration[7] of the Michigan order because "the Michigan Court lacked jurisdiction over Mr. Gonzales [sic] due to the absence of [proper] service of summons . . . ." On appeal, Wier argues that the trial court erred, maintaining that Gonzalez had been properly served under the Michigan rules of alternative service of process and that the trial court was obligated to accord the Michigan judgment full faith and credit.

While we review a trial court's legal conclusions de novo, a trial court's findings of fact are binding on an appellate court unless they are so contrary to the great preponderance of the

---

[6]The notice of default was mailed to the 3021 West Roscoe Street address.
[7]"A support order . . . issued in another state is registered when the order is filed in the registering tribunal of this state." TEX. FAM. CODE ANN. § 159.603(a) (West 2008).

evidence as to show a clear abuse of discretion. *In re Ferguson*, 927 S.W.2d 766, 769 (Tex. App.—Texarkana 1996, no writ). In the absence of such a clear abuse of discretion, an appellate court should not substitute its judgment for that of the trial court. *Id*.

Under the United States Constitution, each state must give a final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered. U.S. CONST. art. IV, § 1; *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992). Accordingly, Texas law recognizes that the introduction of a facially valid foreign order creates a prima facie case for its recognition and enforcement. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975); *In re B.T.T.*, 156 S.W.3d 612, 614–15 (Tex. App.—San Antonio 2004, no pet.); *Villanueva v. Office of the Atty. Gen.*, 935 S.W.2d 953, 954–55 (Tex. App.—San Antonio 1996, writ denied). When a properly authenticated judgment from another State is admitted into evidence, the party opposing it must prove that the judgment is not entitled to full faith and credit. *Mitchim*, 518 S.W.2d at 364. The presumption of a judgment's validity can only be overcome by clear and convincing evidence that the foreign court lacked jurisdiction over the person. *Escalona v. Combs*, 712 S.W.2d 822, 824 (Tex. App.—Houston [1st Dist.] 1986, no writ); *see also Cowan v. Moreno*, 903 S.W.2d 119, 123 (Tex. App.—Austin 1995, no writ) (facially valid order may only be challenged on limited grounds such as lack of personal jurisdiction or some other procedural defect that would likewise render decree void). Whether a trial court erred in failing to afford a registered order full faith and credit presents a question of law that we review de novo.

5

*Velez v. Mitsak*, 89 S.W.3d 73, 79 (Tex. App.—El Paso 2002, no pet.); *Bryant v. Shields, Britton &*

*Fraser*, 930 S.W.2d 836, 841 (Tex. App.—Dallas 1996, writ denied).

Section 159.607(a)(1) of the Texas Family Code provides that "[a] party contesting the

validity or enforcement of a registered order or seeking to vacate the registration has the burden of

proving . . . [that] the issuing tribunal lacked personal jurisdiction over the contesting party."

TEX. FAM. CODE ANN. § 159.607(a)(1) (West 2008). To challenge the jurisdiction of a sister

state, a contesting party must show that service of process was inadequate under the rules of the

sister state, or the sister state's exercise of *in personam* jurisdiction offends the due process of

law.[8] *Mindis Metals*, *Inc. v. Oilfield Motor & Control*, *Inc.*, 132 S.W.3d 477 (Tex.

App.—Houston [14th Dist.] 2004, pet. denied); *Markham v. Diversified Land & Exploration Co.*,

973 S.W.2d 437 (Tex. App.—Austin 1998, writ denied). Here, the trial court found that

Michigan lacked jurisdiction over Gonzalez because he had not been properly served. Therefore,

we must examine Michigan's rules pertaining to service of process.

Rule 2.105 of the Michigan Court Rules, states in relevant part:

**(A) Individuals.** Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

---

[8]A court "cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant . . . by service of process . . . ." *Eisner v. Williams*, 298 N.W. 507 (Mich. 1941). A court must obtain personal jurisdiction over a defendant in order to "satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1).

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

**(B) Individuals; Substituted Service.** Service of process may be made

(1)     on a nonresident individual, by

      (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and

      (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address;

      . . . .

**(I) Discretion of the Court.**

(1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

(2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

(3) Service of process may not be made under this subrule before entry of the court's order permitting it.

MCR 2.105(A), (B)(1), (I).

The standard of "reasonably calculated" found in MCR 2.105(I) is determined by the facts presented to the trial court when it enters an order permitting substituted service. *Sechler v. Van Hoey*, 268 N.W.2d 364, 366 n.1 (Mich. Ct. App. 1978) (per curiam). Given the unique circumstances of each case, a court may fashion whatever method is necessary to effect notice of suit, but that method must be "reasonably calculated under all the circumstances to afford notice." *Krueger v. Williams*, 300 N.W.2d 910, 918 (Mich. 1981). While personal service is not always required, "[t]he requirement of notice so as to afford an opportunity to be heard is clearly the heart" of Michigan's substituted-service rule, so the alternate method of service cannot "be substantially less likely to afford notice than other customary substitutes." *Id*. at 914, 918 (court considered predecessor of MCR 2.105(I), GCR 1963, 105.8, which was substantively similar to MCR 2.105(I)(1)).

To obtain substitute service, Michigan Court Rule 2.105(I) requires a verified motion, a statement of sufficient facts showing that process cannot be served under the other provisions of MCR 2.105, the defendant's address or last known address, and if the defendant's present address is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.[9]

---

[9]As a matter of public policy, the courts want to avoid the overuse of substitute service and the default judgment it can cause. *Sechler*, 268 N.W.2d at 366.

8

Here, the motion is verified[10] by Wier's attorney in the divorce action, it lists Gonzalez' last known home address as 3021 West Roscoe St., 2nd Floor Chicago, IL, 60618, and states that the attorney believes that address to be current. The motion asserts that Gonzalez cannot reasonably be served "as otherwise provided in MCR 2.105, as shown in the following verification of process server."[11] The process server's affidavit attached to the motion states, in relevant part:

> Affiant states s(he) DISCONTINUED ATTEMPTING SERVICE upon ELEAZAR GONZALES [sic] at 3021 W ROSCOE ST., 2ND FL, CHICAGO, IL 60618 after due search, careful inquiry and diligent attempts for the reason detailed below.
>
> 12/10/2005    1:05 PM – The gate around the property is locked there is no access to the property. The neighbors don't know who lives here.
> 12/17/2005    6:50 PM – Gate surrounding property is locked. Lights are on inside residence.
> 12/19/2005    8:40 PM – Gate is locked, lights are on.

In the case of *Felix v. Felix*, the Michigan Court of Appeals found that a trial court abused its discretion in granting substituted service even though the plaintiff had diligently attempted to personally serve the owner of a business for eleven months. 209 N.W.2d 871 (Mich. Ct. App.—Division No. 2 1979). An alternate statutory method of service, GCR 1963, 105.2(4), allowed the plaintiff to serve the business by:

---

[10]Under Michigan Court Rule 2.114, a pleading may be verified by "including the following signed and dated declaration: "I declare that the statements above are true to the best of my information, knowledge, and belief." MCR 2.114. Here, the motion for alternate service contains the statutory declaration and is appropriately signed and dated.

[11]The motion is neither signed nor verified by a process server. The process server's portion of the motion states that "[t]he Defendant's mother has confirmed the address is current and correct." However, this statement is unsigned, unverified, and is not supported by the attached affidavit. Therefore, we do not consider the statement for any purpose.

9

> leaving a summons and a copy of the complaint with a person in charge of the office or business establishment of such individual and sending a summons and a copy of the complaint by registered mail addressed to such individual at his usual place of abode or last known address.

*Id.* at 873 (quoting GCR 1963, 105.2(4)). Because the plaintiff neither attempted nor explained his failure to attempt service under this other available method, the court held that the plaintiff failed to adequately show the trial court that "service of process cannot reasonably be made in the manner provided for under other rules." *Id.* at 747.

In this case, the verified motion for alternate service is insufficient. The motion states that Gonzalez cannot be served "as otherwise provided in MCR 2.105," but that is not necessarily the case. The attached affidavit purports[12] to explain why Gonzalez cannot be personally served under 2.105(A)(1). However, even though the motion states that the address mentioned in the affidavit is current, there is no evidence in the motion, affidavit, or elsewhere in the record,[13] stating sufficient facts to show that service could not be made by "registered or certified mail,

---

[12]We make no specific ruling on whether the acts stated in the affidavit amount to adequate attempted personal delivery under Michigan law.

[13]Wier argues that:

> The only evidence presented to the Panola County trial court regarding the Motion and Verification for Alternative Service was the motion and the attached affidavit from the process server. Gonzalez did not present any transcript from the Michigan trial court's hearing on the Motion and Verification for Alternative Service. He did not testify at the December 6, 2010 hearing as to the substance of any testimony from Wier's attorney or from the Michigan process server or other record evidence presented to the Michigan trial court . . . .

(Citations omitted). The record before us does not include a reporter's record from the Michigan trial court's alternate service hearing. However, there is likewise no evidence that such a reporter's record exists.

10

return receipt requested, and delivery restricted to the addressee" as stated in MCR 2.105(A)(2), or by "registered mail addressed to the defendant at his or her last known address" as stated in MCR 2.105(B)(1)(b). There is nothing in the record to suggest that this mode of service was attempted. Therefore, the motion fails to meet Michigan's requirements for substitute service under 2.105(I)(2). *See id.*

We affirm the trial court's order.

Bailey C. Moseley
Justice

Date Submitted:     January 5, 2012
Date Decided:       January 24, 2012

11