In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00070-CV

                                                ______________________________

 

 

 

                              IN THE INTEREST OF
M.L.W., A CHILD

 

 

 

                                                                                                  


 

 

                                            On Appeal from the County
Court at Law

                                                             Panola County, Texas

                                                          Trial Court
No. 2010-304

 

                                                                
                                  

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            In
Muskegon County Circuit Court in the State of Michigan, Jamie Lee Wier[1]
obtained a default divorce from her husband, Eleazar
Gonzalez; the judgment of divorce made provision for  custody and child support for the as yet
unborn child who is now M.L.W.  On July
23, 2010, the Office of the Attorney General of Texas (AG) filed to register
the Michigan trial court’s order in the County Court at Law of Panola County,
Texas, on behalf of Wier.  Gonzalez contested the sought registration,
arguing that he was denied due process because he was not properly served.  A hearing was held before the County Court at
Law of Panola County,[2]
following which the trial court found that Gonzalez had not been properly
served with notice of the pendency of the action for divorce and granted
Gonzalez’ contest, an action which denied and vacated the registration of the
Michigan divorce order. 

            On
appeal, Wier contends that the trial court erred in
granting Gonzalez’ contest, maintaining that he was properly served with
citation (called a “summons” in Michigan) under the Michigan rules of
alternative service of process.[3]

            We
affirm the trial court’s judgment denying certification of the Michigan
judgment of divorce. 

FACTUAL BACKGROUND         

            Gonzalez
and Wier were married in Michigan.  Upon the couple’s separation, Gonzalez
initially moved from Michigan to Chicago, Illinois, where he first resided with
his mother, Minerva Gonzalez, at 3120 North Racine.  In October 2005, Wier
filed for divorce in Michigan, seeking the dissolution of her marriage to Gonzalez
as well as custody and child support orders for the couple’s then-unborn
child.  

            Upon
Wier’s motion, the court found that service of
process could not “reasonably be made as provided in [Michigan Court Rule]
2.105,” and entered an order allowing alternative service of the summons,
petition, and alternative service order to be “made by the following method(s):
 a.  First class mail to 3021 West
Roscoe Street, 2nd Floor, Chicago, IL 60618[;] b. Tacking or firmly affixing to
the door at 3021 West Roscoe Street, 2nd Floor, Chicago, IL 60618.”[4]  On January 10, 2006, Wier
filed a proof of service certifying that Gonzalez was served at the 3021 West
Roscoe address via first class mail.[5]  When Gonzalez failed to file a response,
failed to appear at the February 16, 2006, conciliation hearing, and failed to
respond to the mailed[6]
notice of default, the trial court issued a default judgment of divorce,
providing for custody and child support. 


            After
the filing of the Michigan judgment in Panola County, in an effort to register
it as a foreign judgment, Gonzales filed his contest, claiming that he was never
properly served, and in fact, did not receive any notice of the divorce
proceeding until his brother gave him the default judgment of divorce. 

            After
a hearing, the trial court granted Gonzalez’ contest and ordered that the
registration be denied and vacated.  The
AG filed a motion for new trial, which was overruled by operation of law.  The trial court issued findings of fact and
conclusions of law.  Wier
then filed this appeal.  

Was Gonzalez properly served?

            The
trial court vacated the registration[7] of
the Michigan order because “the Michigan Court lacked jurisdiction over Mr. Gonzales
[sic] due to the absence of [proper] service of summons . . . .”
 On appeal, Wier
argues that the trial court erred, maintaining that Gonzalez had been properly
served under the Michigan rules of alternative service of process and that the
trial court was obligated to accord the Michigan judgment full faith and
credit.

            While
we review a trial court’s legal conclusions de novo, a trial court’s findings
of fact are binding on an appellate court unless they are so contrary to the
great preponderance of the evidence as to show a clear abuse of discretion.  In re
Ferguson, 927 S.W.2d 766, 769 (Tex. App.—Texarkana 1996, no writ).  In the absence of such a clear abuse of
discretion, an appellate court should not substitute its judgment for that of
the trial court.  Id.

            Under
the United States Constitution, each state must give a final judgment of a
sister state the same force and effect the judgment would be entitled to in the
state in which it was rendered.  U.S. CONST. art. IV, § 1; Bard v. Charles R. Myers Ins. Agency, Inc., 839 S.W.2d 791, 794 (Tex. 1992).  Accordingly, Texas law recognizes that the
introduction of a facially valid foreign order creates a prima facie case for
its recognition and enforcement.  Mitchim v. Mitchim,
518 S.W.2d 362, 364 (Tex. 1975); In re
B.T.T., 156 S.W.3d 612, 614–15 (Tex. App.—San Antonio 2004, no pet.); Villanueva v. Office of the Atty. Gen.,
935 S.W.2d 953, 954–55 (Tex. App.—San Antonio 1996, writ denied).  When a properly authenticated judgment from
another State is admitted into evidence, the party opposing it must prove that
the judgment is not entitled to full faith and credit.  Mitchim, 518 S.W.2d at 364.  The presumption of a judgment’s validity can
only be overcome by clear and convincing evidence that the foreign court lacked
jurisdiction over the person.  Escalona v. Combs, 712 S.W.2d 822, 824 (Tex.
App.—Houston [1st Dist.] 1986, no writ); see
also Cowan v. Moreno, 903 S.W.2d 119, 123 (Tex. App.—Austin 1995, no writ)
(facially valid order may only be challenged on limited grounds such as lack of
personal jurisdiction or some other procedural defect that would likewise
render decree void).  Whether a trial
court erred in failing to afford a registered order full faith and credit
presents a question of law that we review de novo.  Velez v.
Mitsak, 89 S.W.3d 73, 79 (Tex. App.—El Paso 2002,
no pet.); Bryant v. Shields, Britton
& Fraser, 930 S.W.2d 836, 841 (Tex. App.––Dallas 1996, writ denied).  

            Section
159.607(a)(1) of the Texas Family Code provides that “[a] party contesting the
validity or enforcement of a registered order or seeking to vacate the
registration has the burden of proving . . . [that] the issuing
tribunal lacked personal jurisdiction over the contesting party.”  Tex.
Fam. Code Ann. § 159.607(a)(1) (West 2008).  To challenge the jurisdiction of a sister
state, a contesting party must show that service of process was inadequate
under the rules of the sister state, or the sister state’s exercise of in personam
jurisdiction offends the due process of law.[8]  Mindis Metals, Inc. v. Oilfield Motor & Control, Inc., 132 S.W.3d 477 (Tex. App.—Houston
[14th Dist.] 2004, pet. denied); Markham
v. Diversified Land & Exploration Co., 973 S.W.2d 437 (Tex. App.—Austin
1998, writ denied).  Here, the trial
court found that Michigan lacked jurisdiction over Gonzalez because he had not
been properly served.  Therefore, we must
examine Michigan’s rules pertaining to service of process. 

            Rule
2.105 of the Michigan Court Rules, states in relevant part:

(A) Individuals.  Process may be served on a resident or
nonresident individual by

 

(1)
delivering a summons and a copy of the complaint to the defendant personally;
or

 

(2)
sending a summons and a copy of the complaint by registered or certified mail,
return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant
acknowledges receipt of the mail.  A copy
of the return receipt signed by the defendant must be attached to proof showing
service under subrule (A)(2).

 

(B) Individuals; Substituted Service.  Service of process may be made

 

(1)        on a nonresident individual, by

 

(a)
serving a summons and a copy of the complaint in Michigan on an agent,
employee, representative, sales representative, or servant of the defendant,
and 

 

(b)
sending a summons and a copy of the complaint by registered mail addressed to
the defendant at his or her last known address; 

            

            . . . .

 

(I) Discretion of the Court.

 

(1)
On a showing that service of process cannot reasonably be made as provided by this
rule, the court may by order permit service of process to be made in any other
manner reasonably calculated to give the defendant actual notice of the
proceedings and an opportunity to be heard.

 

(2)
A request for an order under the rule must be made in a verified motion dated
not more than 14 days before it is filed.  The motion must set forth sufficient facts to
show that process cannot be served under this rule and must state the defendant’s
address or last known address, or that no address of the defendant is known.  If the name or present address of the
defendant is unknown, the moving party must set forth facts showing diligent
inquiry to ascertain it.  A hearing on
the motion is not required unless the court so directs.

 

(3)
Service of process may not be made under this subrule
before entry of the court’s order permitting it.

 

MCR 2.105(A), (B)(1), (I). 

            The
standard of “reasonably calculated” found in MCR 2.105(I) is determined by the
facts presented to the trial court when it enters an order permitting
substituted service.  Sechler v. Van Hoey, 268 N.W.2d 364, 366 n.1 (Mich.
Ct. App. 1978) (per curiam).  Given the unique circumstances of each case,
a court may fashion whatever method is necessary to effect notice of suit, but
that method must be “reasonably calculated under all the circumstances to
afford notice.”  Krueger v. Williams, 300 N.W.2d 910, 918 (Mich. 1981).  While personal service is not always
required, “[t]he requirement of notice so as to afford an opportunity to be
heard is clearly the heart” of Michigan’s substituted-service rule, so the
alternate method of service cannot “be substantially less likely to afford
notice than other customary substitutes.”  Id. at
914, 918 (court considered predecessor of MCR 2.105(I), GCR 1963, 105.8, which
was substantively similar to MCR 2.105(I)(1)).

            To
obtain substitute service, Michigan Court Rule 2.105(I) requires a verified
motion, a statement of sufficient facts showing that process cannot be served
under the other provisions of MCR 2.105, the defendant’s address or last known
address, and if the defendant’s present address is unknown, the moving party
must set forth facts showing diligent inquiry to ascertain it.[9]

            Here,
the motion is verified[10] by Wier’s attorney in the divorce action, it lists Gonzalez’
last known home address as 3021 West Roscoe St., 2nd Floor Chicago, IL, 60618,
and states that the attorney believes that address to be current.  The motion asserts that Gonzalez cannot
reasonably be served “as otherwise provided in MCR 2.105, as shown in the
following verification of process server.”[11]  The process server’s affidavit attached to
the motion states, in relevant part:

Affiant
states s(he) DISCONTINUED ATTEMPTING SERVICE upon ELEAZAR GONZALES [sic] at
3021 W ROSCOE ST., 2ND FL, CHICAGO, IL 60618 after due search,
careful inquiry and diligent attempts for the reason detailed below.

 

12/10/2005      1:05 PM – The gate around the property is
locked there is no access to the property. 
The neighbors don’t know who lives here.

12/17/2005      6:50 PM – Gate surrounding property is
locked.  Lights are on inside residence.

12/19/2005      8:40 PM – Gate is locked, lights are on.

 

            In
the case of Felix v. Felix, the
Michigan Court of Appeals found that a trial court abused its discretion in
granting substituted service even though the plaintiff had diligently attempted
to personally serve the owner of a business for eleven months.  209 N.W.2d 871 (Mich. Ct. App.—Division No. 2
1979).  An alternate statutory method of
service, GCR 1963, 105.2(4), allowed the plaintiff to serve the business by: 

leaving
a summons and a copy of the complaint with a person in charge of the office or
business establishment of such individual and sending a summons and a copy of
the complaint by registered mail addressed to such individual at his usual
place of abode or last known address.

 

Id. at 873 (quoting GCR 1963, 105.2(4)).  Because the plaintiff neither attempted nor
explained his failure to attempt service under this other available method, the
court held that the plaintiff failed to adequately show the trial court that “service
of process cannot reasonably be made in the manner provided for under other
rules.”  Id. at 747.

            In
this case, the verified motion for alternate service is insufficient.  The motion states that Gonzalez cannot be
served “as otherwise provided in MCR 2.105,” but that is not necessarily the
case.  The attached affidavit purports[12] to
explain why Gonzalez cannot be personally served under 2.105(A)(1).  However, even though the motion states that
the address mentioned in the affidavit is current, there is no evidence in the
motion, affidavit, or elsewhere in the record,[13]
stating sufficient facts to show that service could not be made by “registered
or certified mail, return receipt requested, and delivery restricted to the
addressee” as stated in MCR 2.105(A)(2), or by “registered mail addressed to
the defendant at his or her last known address” as stated in MCR 2.105(B)(1)(b).  There is nothing in the record to suggest
that this mode of service was attempted. Therefore, the motion fails to meet
Michigan’s requirements for substitute service under 2.105(I)(2).  See id.

            We
affirm the trial court’s order.

 

 

 

                                                                        Bailey
C. Moseley 

                                                                        Justice

 

Date
Submitted:         January 5, 2012

Date
Decided:             January 24, 2012











[1]The
divorce action was brought by “Jamie L. Gonzalez” and the style of the original
suit uses that name, but the divorce decree restored her name to “Jamie Lee Wier.”

 





[2]On
November 2, 2010, an Associate Judge, Joe Perkins, heard and overruled
Gonzalez’ contest.  Gonzalez then
appealed to the presiding judge of the County Court at Law of Panola
County.  

 





[3]In her second point of error, Wier
appears to contest the trial court’s finding that the Michigan trial court
lacked personal jurisdiction over Gonzalez. 
Specifically, Wier contends that Gonzalez
established sufficient minimum contacts with Michigan to enable the Michigan
trial court to exercise personal jurisdiction over him.  Minimum contacts were not an issue at trial
and are not at issue on appeal.  The sole
issue on appeal is whether, through proper service of process, Michigan
obtained personal jurisdiction over Gonzalez. 
Therefore, we do not specifically address Wier’s
stated second point of error. 





[4]The
order contained neither a disjunctive (“or”) nor a conjunctive (“and”) between
the two methods, and the parties vigorously dispute whether the order mandates
that both of the methods or only one of the methods are required to comply with
the order for substituted service.  Due
to our ruling in this case, we need not decide this issue. 

 





[5]There
is no evidence that a copy of the complaint and summons were tacked or affixed
to the door of the 3021 West Roscoe Street address.  

 





[6]The
notice of default was mailed to the 3021 West Roscoe Street address. 





[7]“A
support order . . . issued in another state is registered when the order is
filed in the registering tribunal of this state.”  Tex.
Fam. Code Ann. § 159.603(a) (West 2008).





[8]A
court “cannot adjudicate [an in personam] controversy
without first having obtained jurisdiction [over the] defendant . . . by
service of process . . . .”  Eisner v. Williams, 298 N.W. 507 (Mich. 1941).
 A court must obtain personal
jurisdiction over a defendant in order to “satisfy the due process requirement
that a defendant be informed of an action by the best means available under the
circumstances.”  MCR 2.105(J)(1).





[9]As
a matter of public policy, the courts want to avoid the overuse of substitute
service and the default judgment it can cause.  Sechler, 268 N.W.2d at 366.

 





[10]Under
Michigan Court Rule 2.114, a pleading may be verified by “including the
following signed and dated declaration:  “I
declare that the statements above are true to the best of my information,
knowledge, and belief.”  MCR 2.114.  Here, the motion for alternate service
contains the statutory declaration and is appropriately signed and dated.   





[11]The
motion is neither signed nor verified by a process server.  The process server’s portion of the motion
states that “[t]he Defendant’s mother has confirmed the address is current and
correct.”  However, this statement is
unsigned, unverified, and is not supported by the attached affidavit.  Therefore, we do not consider the statement
for any purpose.





[12]We
make no specific ruling on whether the acts stated in the affidavit amount to
adequate attempted personal delivery under Michigan law.

 





[13]Wier argues that:

 

The only evidence presented to
the Panola County trial court regarding the Motion and Verification for
Alternative Service was the motion and the attached affidavit from the process
server.  Gonzalez did not present any
transcript from the Michigan trial court’s hearing on the Motion and
Verification for Alternative Service.  He
did not testify at the December 6, 2010 hearing as to the substance of any
testimony from Wier’s attorney or from the Michigan
process server or other record evidence presented to the Michigan trial court .
. . .

 

(Citations omitted).  The record before us does not include a
reporter’s record from the Michigan trial court’s alternate service
hearing.  However, there is likewise no
evidence that such a reporter’s record exists.