

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00054-CV

SULTANA FERGUSON, Appellant

V.

GREAT AMERICAN INSURANCE COMPANY, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV 41404

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

# O P I N I O N

Great American Insurance Company obtained a California judgment against Sultana Ferguson for damages stemming from insurance fraud. Great American filed a certified copy of the California judgment with the District Clerk for the 8th Judicial District Court of Hopkins County, Texas, and petitioned the District Court to enforce that judgment under Texas law. In her sole point of error, Ferguson argues that the trial court erred in determining that the California judgment should be given full faith and credit because the judgment was not properly authenticated. We find that the foreign judgment was properly authenticated under Rule 902(1) of the Texas Rules of Evidence and that Great American satisfied its burden to present a prima facie case for enforcement of the California judgment.

## I.     Procedural Background

In 2013, Great American sued Ferguson to enforce a final, December 7, 2012, judgment entered by the Riverside County Superior Court under cause number RIC 502479 in a matter styled *People of the State of California, ex rel. Great American Insurance Co. vs. Sultana Ferguson, an individual, Gary Ferguson, an individual:  SLIDE TO WIN, LLC:  and DOES I through 50, inclusiv*e (the Original California Judgment). Under Section 35.006 of the Texas Civil Practice and Remedies Code, Ferguson filed a motion to stay enforcement of the Original California Judgment pending resolution of her appeal from that judgment.

On May 30, 2015, a California appellate court affirmed the portion of the trial court's judgment granting summary judgment to Great American on its insurance fraud claim, but reversed the portion of the trial court's judgment which had imposed a constructive trust on

2

Ferguson's real property in Texas because the California court lacked jurisdiction to affect title to real property in Texas. Ferguson filed a motion to dismiss this Texas enforcement action, attaching the appellate opinion from California, a stipulation to enter into a final judgment following remand from the California appellate court, and the proposed final judgment on remand.

Subsequently, Great American e-filed a document purporting to be the final judgment on remand of the Riverside County Superior Court of California (the California Judgment on Remand) and moved to lift Ferguson's stay of the enforcement action. The California Judgment on Remand was identical to the proposed final judgment attached to Ferguson's motion, except that the word "proposed" was scratched from the judgment, it was signed by the trial judge, and it bore the file-mark of the Riverside County Superior Court. The California Judgment on Remand provided,

> Pursuant to Summary Adjudication on May 09, 2012, Plaintiff is awarded $532,001.39 plus $5,000.00 in a civil penalty per California Insurance Code § 1871.7(b), plus reasonable attorneys' fees and costs pursuant to a Memorandum of Costs, against Defendant, Sultana Ferguson;
> Plaintiff filed and served a Memorandum of Costs on May 23, 2012. Defendants filed no opposition. Plaintiff is awarded $397,567.00 in attorneys' fees and $34,961.24 in costs against Defendant, Sultana Ferguson.
> Plaintiff is entitled to $532,001.39 in treble damages against Defendant, Sultana Ferguson, pursuant to California Insurance Code § 1817.7(b).

This language is identical to the portion of the Original California Judgment that was affirmed on appeal.

Ferguson filed an amended motion to dismiss the Texas enforcement action based on the color of the certificates on file. The trial court denied Ferguson's motion and entered its order permitting enforcement of the California judgment. Ferguson filed this appeal.

3

## II. Full Faith and Credit

"Under the United States Constitution, each state must give a final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered." *In re M.L.W.*, 358 S.W.3d 772, 774 (Tex. App.—Texarkana 2012, no pet.) (citing U.S. CONST. art. IV, § 1; *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992)). "Accordingly, Texas law recognizes that the introduction of a facially valid foreign order creates a prima facie case for its recognition and enforcement." *Id.* (citing *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975)). "When a properly authenticated judgment from another State is admitted into evidence, the party opposing it must prove that the judgment is not entitled to full faith and credit." *Id.* (citing *Mitchim*, 518 S.W.2d at 364). "Whether a trial court erred in failing to afford a registered order full faith and credit presents a question of law that we review de novo." *Id.* at 774.

In Texas, the enforcement of foreign judgments is governed by the Uniform Enforcement of Foreign Judgments Act, found in Chapter 35 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.002–.003 (West 2015). Under Section 35.003, a "clerk shall treat [a] foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed" if it is "authenticated in accordance with an act of congress or a statute of this state" and "filed in the office of the clerk of any court of competent jurisdiction of this state." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a), (b).

Under Section 35.003(c), "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or

satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c). This provision refers to the procedural devices available to vacate a Texas judgment. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 485 (Tex. App.—Houston [14th Dist.] 2004, pets. denied). Thus, "[t]he presumption of a judgment's validity can only be overcome by clear and convincing evidence that the foreign court lacked jurisdiction over the person," or through some other means that would otherwise invalidate a final Texas judgment. *M.L.W.*, 358 S.W.3d at 774. "A motion contesting enforcement of a foreign judgment operates as a motion for new trial," and a trial court's decision to deny such a motion is reviewed for an abuse of discretion. *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 324 (Tex. App.— Dallas 2008, no pet.).

Rule 1005 of the Texas Rules of Evidence, titled "Copies of Public Records to Prove Content," states,

> The proponent may use a copy to prove the content of an official record— or of a document that was recorded or filed in a public office as authorized by law— if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4) or is testified to be correct by a witness who has compared it with the original. . . .

TEX. R. EVID. 1005. Rule 902(4) states that a copy of an official record is self-authenticating if it contains "a certificate that complies with Rule 902(1)." TEX. R. EVID. 902(4)(B). Under Rule 902(1), a document is self-authenticating if it bears "(A) a seal purporting to be that of . . . any

state . . . or a department, agency, or officer of any [state]; and (B) a signature purporting to be an execution or attestation." TEX. R. EVID. 902(1).[1]

## III. Analysis

Ferguson argues that, because the seal and certification on the California Judgment on Remand filed below were not in red ink, it was not a certified copy of the judgment and, consequently, the judgment was not authenticated. Great American argues that the judgment was e-filed with the red seal and certification, but that it appears to be black and white because "[t]he Texas E-filing online support system emphasizes that a black and white document is preferred. Under current e-filing technology in Texas, few court documents can be viewed in color." In reply, Ferguson argues that documents can be filed in color over the Texas e-filing system.

We need not determine whether the California Judgment on Remand actually contained a red seal and certificate in order to resolve this appeal. Rule 902(1) of the Texas Rules of Evidence has only two requirements for a document to be self-authenticating. Because the California Judgment on Remand contained the California court's official seal and the deputy clerk's signature attesting that the copy was "a full, true and correct copy of the original on file and of record in my office," the requirements of Rule 902(1) were met and the judgment was sufficiently authenticated. *See* TEX. R. EVID. 902(1).[2] Thus, when Great American filed an authenticated copy of the Original

---

[1]Although the California judgment's seal states, "Each document to which this certificate is attached is certified to be a full, true and correct copy of the original on file and of record in my office," it contains the seal of the Superior Court for Riverside, California. Thus, this case is controlled by Rule 902(1) which governs "Domestic Public Documents That Are Sealed and Signed" rather than Rule 902(2) which governs "Domestic Public Documents That Are Not Sealed But Are Signed And Certified."

[2]Ferguson assumes that the California clerk's certification in black is invalid because it fails to comply with California's requirements for certification. Thus, Ferguson concludes that the judgment is not authentic under Texas

6

California Judgment, it presented a prima facie case for its enforcement in Texas. At that point, the burden then shifted to Ferguson to prove by clear and convincing evidence why the Original California Judgment should not be given full faith and credit. *See Jonsson*, 270 S.W.3d at 323–24.[3]

Finally, it is true that the portion of the Original California Judgment affecting real property in Texas was invalidated. However, because (1) a California court of appeals affirmed the award of damages and attorney fees against Ferguson, (2) evidence attached to Ferguson's motion to dismiss demonstrated that she stipulated to the California Judgment on Remand, (3) the California Judgment on Remand specifically referenced and simply restated the damage and attorney fee

---

law because it is not properly certified under California law. Nevertheless, Section 35.003(a) of the Civil Practice and Remedies Code states, "A copy of a foreign judgment authenticated *in accordance with* an act of congress or *a statute of this state* may be filed in the office of the clerk of any court of competent jurisdiction in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a) (emphasis added). Thus, we look to federal or Texas law to determine the validity of the authentication, not the originating state's law. The Rules of Evidence were promulgated by the Texas Supreme Court pursuant to authority granted by Article V, Section 31 of the Texas Constitution and, therefore, have the force and effect of statutes. TEX. CONST. art. V, § 31; *see Missouri Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex. 1973) ("Texas Rules of Civil Procedure have same force and effect as statutes."); *see also Polk v. State*, 695 S.W.2d 720, 723 (Tex. App.—Dallas 1985), *rev'd in part on other grounds*, *Polk v. State*, 749 S.W.2d 813 (Tex. Crim. App. 1988) (concluding that Texas Rules of Evidence were "statute law" for purposes of Article 38.02 of the Code of Criminal Procedure because "[l]ike the rules of civil procedure, the Texas Rules of Evidence were also adopted by the Supreme Court of Texas. . . . therefore, . . . the new rules of evidence have the same force and effect as statutes"). Under Texas law, a document is authentic if it complies with the Texas laws governing certification. TEX. R. EVID. 902(1), (4); *see State v. Handsbur*, 816 S.W.2d 749, 750 (Tex. Crim. App. 1991) (Records of the Texas Department of Criminal Justice containing clerk's "certification of the pen packet copies of the judgment and sentence constitutes sufficient extrinsic evidence that the copies are authentic under [TEX. R. EVID.] 901"). Therefore, certification which complies with the Texas Rules of Evidence constitutes authentication for purposes of Section 35.003(a) of the Civil Practice and Remedies Code.

[3]Great American filed a copy of the Original California Judgment, signed by Judge Mac R. Fisher, which stated that it was a final judgment. The last page of the judgment contains a seal from the "Superior Court of California/County of Riverside" and the signature of the deputy clerk of that court in her official capacity after the words, "Each document to which this certificate is attached is certified to be a full, true and correct copy of the original on file and of record in my office." This established that the Original California Judgment was properly authenticated even though it did not contain a certification on every page. *Whitehead v. Bulldog Battery Corp*., 400 S.W.3d 115, 118 (Tex. App.—Dallas 2013, pet. denied).

award against Ferguson that was contained in the Original California Judgment, and (4) Ferguson did not challenge the entry of the California Judgment on Remand on the merits, we find that the trial court did not abuse its discretion in finding that the affirmed portion of the Original California Judgment was entitled to full faith and credit. We overrule Ferguson's point of error.[4]

## IV.    Conclusion

We affirm the trial court's judgment.


Ralph Burgess
Justice


Date Submitted:      February 29, 2016
Date Decided:        June 16, 2016

---

[4]Great American also asks this Court for "just damages for Ferguson's frivolous appeal to this Court." Texas Rule of Appellate Procedure 45 provides that this Court can award damages to an appellee if we determine that an appeal is frivolous. TEX. R. APP. P. 45. Here, we determine that Ferguson's point of error on appeal, which was preserved below, was not frivolous, although it was unsuccessful.